Stephen E. SCHAFER, Appellant,

v.

FEDERAL SERVICES CORPORATION,
Appellee.

No. 01–93–00901–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 21, 1994.

Ella T. Tyler, Houston, for appellant.

G. Morris Hamm, Houston, for appellee.

Before COHEN, ANDELL and WILSON, JJ.

## OPINION

WILSON, Justice.

Appellant, Stephen Schafer, appeals a summary judgment granted in favor of appellee, Federal Services Corporation. The summary judgment was granted on appellee's suit on an outstanding loan, as well as appellant's counterclaim alleging unfair debt collection practices. Appellant, in four points of error, argues judgment on the counterclaim was improper; appellee's summary judgment proof is insufficient to prove ownership of the debt and the amount of the debt; and appellant's summary judgment proof does not stand on its own merits. We reverse in part and affirm in part.

Appellee, the plaintiff in the trial court, filed suit for collection on a loan. Appellee alleges, in its first amended petition, that the loan was acquired from the Resolution Trust Corporation, which acquired the loan from the original lender, City National Bank. Appellee also alleged appellant defaulted on this loan.

Appellant filed a general denial as well as specific denials of ownership of the debt and that this loan could have been part of a sale of notes. Appellant also asserted the affirmative defense of fraud and a counterclaim under the Texas Debt Collection Act,[1] alleging appellee reported appellant to a collection agency after he sent written notice to appellee stating the ownership of the debt was disputed.

---

1. TEX.REV.CIV.STAT.ANN. art. 5069–11.02 (Vernon 1987).

Appellee, in its amended motion for summary judgment,[2] argued there were no fact issues to be resolved concerning liability on the loan, therefore it was entitled to judgment as a matter of law. Specifically, it argued it acquired the obligation from the FDIC, and it established its entitlement to the balance due. Appellee then addressed appellant's counterclaim alleging a violation of the Texas Debt Collection Act. Appellee argued its entitlement to summary judgment on the counterclaim because the claim was a sham and a fraud, and the dispute as to ownership was only for the purposes of delay. Appellant did not file a response to the motion for summary judgment.

For plaintiff to be entitled to summary judgment when defendant has asserted a counterclaim, plaintiff must prove, as a matter of law, each element of its cause of action and disprove at least one element of defendant's counterclaim. TEX.R.CIV.P. 166a(a); *Taylor v. GWR Operating Co.*, 820 S.W.2d 908, 910 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (discussing summary judgment on counterclaims). Every reasonable inference from the evidence will be resolved in favor of the nonmovant. *Clark v. Pruett*, 820 S.W.2d 903, 905 (Tex.App.—Houston [1st Dist.] 1991, no writ). When a nonmovant fails to file a response, the only issue that party may raise on appeal is that the movant failed to carry its burden of proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979)

Our review is limited to the issues presented to the trial court in the motion for summary judgement, as the judgment may be affirmed only on grounds presented in the motion. TEX.R.CIV.P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 676; *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). When a summary judgment does not specify the ground upon which it was granted, it may be affirmed if any theory advanced in the motion is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

## Counterclaim

■ Appellant argues the summary judgment of the counterclaim of unfair debt collection practices was erroneous. In order for the summary judgment to have been properly granted, appellee would have had to disprove at least one element of the unfair debt collection action. *Taylor*, 820 S.W.2d at 910.

Appellee offered as summary judgment proof the affidavit of Ted J. Hanes, an employee of appellee. In this affidavit, Hanes stated appellant had seen the note, acknowledged it was genuine, agreed to make payments, and acknowledged the full amount due. Subsequently, appellant failed to make payment, and then disputed the ownership of the debt by appellee. Appellee then argued the dispute as to ownership was fictitious and contrived in order to avoid payment on the debt. Appellee also argues in the motion for summary judgment that the Texas Debt Collection Act does not apply to disputes involving the ownership of a debt, but only applies to disputes as to the amount of a debt.

The Texas Debt Collection Act provides: No debt collector may collect or attempt to collect any debt alleged to be due and owing by any threats, coercion, or attempts to coerce which employ any of the following practices: . . .

(c) representing or threatening to represent to a third party or any other person, that a consumer is willfully refusing to pay a non-disputed debt *when such debt is in dispute for any reason* and the consumer has notified such debt collector in writing of the dispute.

TEX.REV.CIV.STAT.ANN. art. 5069–11.02 (Vernon 1987) (emphasis added).

Appellee cites no authority that such action only applies when the amount of a debt is in dispute. The clear language of the statute indicates that dispute under the Texas Debt Collection Act is not so limited. Contesting the ownership of the debt falls within the plain language of the statute, and, having notified appellee in writing that appellant contested ownership, the appellees received

---

**2.** A motion for partial summary judgment had been filed earlier that did not dispose of the counterclaim. Some of the evidence from the first motion is referred to in the amended motion.

written notice of dispute as contemplated by the act.

The summary judgment proof offered on the counterclaim does not disprove any element under the counterclaim. Having found a legally recognizable claim for unfair debt collection when the ownership of a debt is disputed, and finding that no element of this cause of action has been disproved by appellee, the summary judgment was improper as to the counterclaim. We reverse that portion of the judgment.

**Sufficiency of the evidence supporting appellee's cause of action**

**1. Ownership of the account**

█ Appellant argues in his second point of error that appellees summary judgment proof is insufficient to prove it owned the account sued upon. Appellee presented summary judgment proof attached to the motion asserting its ownership of the account sued upon. This proof included the affidavit of James McAnally establishing the FDIC sold the account to appellant. This affidavit was supported by the FDIC Bill of Sale, the original agreement signed by appellee, and a list of accounts included in the sale. The affidavit states the account evidenced by the agreement was included in the sale to appellee.

Additionally, appellee argues on appeal the issue of ownership was conclusively established by requests for admissions appellant failed to answer, and were thus deemed admitted. Tex.R.Civ.P. 169. The admission was that "plaintiff is the owner and holder of the agreement referred to in Request 2, which agreement is the basis of this lawsuit." Appellant filed untimely responses. Because appellant did not file timely answers to the requests for admissions, they were deemed admitted. Tex.R.Civ.P. 169. The record does not reflect any motion was filed to "undeem" these admissions.

Appellee did not refer to the deemed admissions in the motion for summary judgment. The court stated in the judgment it relied upon the motion and the attached affidavits in granting the motion.

The rule concerning summary judgment states:

> The judgment sought shall be rendered forthwith if *(i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court,* show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

Tex.R.Civ.P. 166a(c) (emphasis added). The highlighted portion of the rule was added in 1988. The significance of this change is that the judge is free to consider items in the court's file when granting a motion for summary judgement. No requirement is listed, as is for other types of evidence, that admissions must be specifically referenced in the motion. Therefore, in granting this summary judgment, the court was free to consider the admissions, although they were not specifically referenced in the motion.[3]

Although the judgment does not state the court relied on the admissions, we presume the court took judicial notice of the admissions as part of the court's file. Tex.R.Civ.P. 166a(c). The court properly considered the admissions on file as proof of the ground for summary judgment presented in the motion. The admission conclusively established appellee was the owner of the debt. Accordingly, we overrule appellant's second point of error.

---

3. This court has stated in dicta that a trial court may not consider evidence supporting a summary judgment that is not referenced in a motion for summary judgment. *Holbrook v. Guynes,* 827 S.W.2d 487, 488 (Tex.App.—Houston [1st Dist.] 1992), *affirmed* 861 S.W.2d 861 (Tex.1993); *Stewart v. U.S. Leasing Corp.,* 702 S.W.2d 288,

290 (Tex.App.—Houston [1st Dist.] 1985, no writ). This proposition originated before the 1988 amendment to rule 166a(c). Rule 166a(c) has refined this idea, and specified what items must be specifically referenced in the motion to be considered by the court.

### 2. Amount of the debt

Appellant argues in his third point of error that appellees summary judgment proof is insufficient to prove the amount of the debt. Appellee proved the amount of the debt through the affidavit of David Dillon. Appellant argues this affidavit is conclusory, and therefore not sufficient to support the summary judgment.

An uncontraverted affidavit can sustain summary judgment "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R.CIV.P. 166a(c). Dillon's affidavit concerning the amount of the debt meets these requirements.

Appellant also argues there is no evidence supporting an agreement to pay attorney's fees. However, this is part of the written agreement offered as summary judgment proof. We overrule appellant's third point of error.

Appellant states in his fourth point of error that, "Even though appellant did not controvert the evidence, it must stand on its own merits for summary judgment to be proper." This point of error presents nothing for our review, but simply states a proposition of law. Accordingly, we overrule appellant's fourth point of error.

Finding summary judgment improper as to appellant's counterclaim, we reverse and remand judgment on the counterclaim. Finding no other reversible error, we affirm the remainder of the trial court's judgment.