**In the Matter of G.C., Jr.**

No. 13–98–039–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 29, 1998.

909

## OPINION

SEERDEN, Chief Justice.

Appellant, G.C., a juvenile, appeals the trial court's order finding that he engaged in delinquent conduct and placing him under supervision. The only issue presented for review is the jurisdiction of the trial court. We affirm the order of the court.

■ The record reflects that a petition was filed in the 103rd District Court of Cameron County, Texas, sitting as a juvenile court, charging appellant with delinquent conduct. The adjudication and disposition hearing was conducted at the Juvenile Justice Center in San Benito, in Cameron County. The county seat of Cameron County, however, is Brownsville. Article V, section 7 of the Texas Constitution requires that proceedings in district courts shall be held in the county seat where the case is pending. Thus, appellant claims, since the 103rd District Court heard this case, it only had jurisdiction to hear these proceedings in Brownsville. We agree with appellant's contention that Texas courts have strictly construed this constitutional provision. *See Stine v. State*, 908 S.W.2d 429, 431 (Tex.Crim.App.1995); *Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 868 (Tex.App.—Houston [14th Dist.] 1997, no writ). However, we note that this case is distinguishable because this case was heard by the 103rd District Court sitting as a juvenile court, not a district court.

■ Juvenile courts are specialized courts created by the legislature, as authorized by the Texas Constitution. Tex. Const., art. V, § 1. They are separate from the district courts specifically referred to in article V, section 7. The supreme court has held that there is a significant distinction, noting that the juvenile court

is "a special court created by statute", which the Legislature has repeatedly said shall be known as the "juvenile court" and which in the last two codifications of our statutes ... has been treated in one title, whereas the district court has been treated in another. It is a court which is in session at all times; a court which may exclude the public from its trials; a court whose records cannot be inspected by any-

Rene B. Gonzalez, Brownsville, for Appellant.

John A. Olson, Asst. County & District Attorney, Yolanda De Leon, District Attorney, David W. Hartmann, Asst. County (Cr. Dist.) Attorney, Brownsville, for the State.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

body other than probation officers or other officers of the court in the absence of a direction by the court; and a court which the Legislature hopes shall be "presided over by a judge who has a sympathetic understanding of the problems of child welfare." In short, we have a court which, although presided over by a district judge, has substantial attributes wholly at variance with some that are recognized as normally belonging to a district court.

*Cox v. Wood*, 256 S.W.2d 841, 842–43 (Tex. 1953); *see also Dendy v. Wilson*, 142 Tex. 460, 179 S.W.2d 269, 273 (Tex.Crim.App. 1944) (holding that the juvenile court is a special court created by statute).

Appellant's argument that language in *In the Matter of Cockrell*, 493 S.W.2d 620 (Tex. App.—Amarillo 1973, writ ref'd n.r.e.) supports his position is misplaced. The language in *Cockrell* simply indicates that the legislature cannot restrict the constitutional jurisdiction of the district courts. *Cockrell* does not, by contrast, stand for the proposition that the legislature cannot create separate specialized courts such as juvenile courts. In fact, the express language of *Cockrell*, specifically states that its holding is not in conflict with *Dendy*.

■ Section 51.05 of the family code provides that the commissioners court of each county shall provide suitable quarters for hearings held by juvenile courts. That statute does not restrict the location of those quarters to the county seat. Appellant does not argue that the Juvenile Center in San Benito was an inappropriate location for the juvenile court to hear cases. We hold that the juvenile court can hear juvenile cases at the Juvenile Center in San Benito without any constitutional violation. Appellant's sole issue is overruled. The judgment of the trial court is AFFIRMED.