OPINION




No. 04-02-00718-CV



Richard ACEVEDO,


Appellant



v.



COMMISSION FOR LAWYER DISCIPLINE,


Appellee



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-16459


Honorable Anne Ashby, Judge Presiding (1)



Opinion by: Sarah B. Duncan, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice

 

Delivered and Filed: January 7, 2004


MOTION TO VACATE AND DISMISS DENIED; AFFIRMED 

 Richard Acevedo appeals the judgment disbarring him from the practice of law. We hold that
a disciplinary proceeding is not governed by the geographical constraints imposed by article V,
section 7 of the Texas Constitution and section 74.094(e) of the Texas Government Code;
consequently, we deny Acevedo's motion to vacate the judgment and dismiss this appeal. In so
holding, we disagree with Risker v. Commission for Lawyer Discipline, 94 S.W.3d 625 (Tex.
App.-Houston [14th Dist.] 2002, pet. denied). Because the remaining issues raised in Acevedo's brief
are likewise without merit, we affirm the judgment.

Factual and Procedural Background


 After receiving complaints from two of Richard Acevedo's former clients, the Commission
for Lawyer Discipline instituted a disciplinary proceeding against him. Acevedo elected a trial de
novo; accordingly, the Commission filed in the Supreme Court of Texas a disciplinary petition
alleging Acevedo committed professional misconduct by violating the Texas Rules of Professional
Conduct. Upon receipt of the petition, the supreme court appointed the Honorable Anne Ashby,
Judge of the 134th Judicial District Court of Dallas County, Texas, to preside over the disciplinary
proceeding. The Clerk of the Supreme Court of Texas forwarded the disciplinary petition to Bexar
County, where Acevedo resides and practiced law.

 After Acevedo failed to respond to the Commission's discovery requests, including its request
for admissions, the Commission moved for partial summary judgment, arguing that "[t]he request for
admission[s] are ... deemed admitted and conclusively established as a matter of law." Acevedo did
not respond to the motion but participated in the subsequent telephonic hearing. After the hearing,
Judge Ashby stated in a letter to the parties that she had granted the Commission's motion.
Thereafter, Acevedo moved to strike the deemed admissions, arguing that "other evidence ...
[attached to his motion] conclusively established" that he did not commit professional misconduct.
Judge Ashby denied Acevedo's motion and later conducted a hearing to determine the appropriate
sanction. Following this hearing, Judge Ashby signed a judgment incorporating the partial summary
judgment and disbarring Acevedo. Acevedo has appealed and moved to vacate the judgment and
dismiss the appeal.

Jurisdiction


 In reliance upon section 74.094(e) of the Texas Government Code and Risker v. Commission
for Lawyer Discipline, 94 S.W.3d 625 (Tex. App.-Houston [14th Dist.] 2002, pet. denied), Acevedo
argues in his motion to vacate and his first issue on appeal that the judgment is void and must be
vacated because, although the disciplinary proceeding was pending in Bexar County, Judge Ashby
was in her chambers in Dallas County during the telephonic hearing on the Commission's motion for
partial summary judgment. We disagree.

 Under article V, section 7 of the Texas Constitution, a district court "shall conduct its
proceedings at the county seat of the county in which the case is pending, except as otherwise
provided by law." Tex. Const. art. V, § 7. This "county seat" requirement has been held to be
jurisdictional, so that "[i]f a district court [sits] outside its jurisdictional geographic area, its
proceedings [are] fundamentally defective and any order based on those proceedings [is] void."
Mellon Serv. Co. v. Touche Ross & Co., 946 S.W.2d 862, 863, 866, 867-68 (Tex. App.-Houston
[14th Dist.] 1997, no writ) (citing Howell v. Mauzy, 899 S.W.2d 690, 699 (Tex. App.-Austin 1994,
writ denied)); see also Risker v. Commission for Lawyer Discipline, 94 S.W.3d 625, 629 (Tex.
App.-Houston [14th Dist.] 2002, pet. denied) (holding orders based upon telephone conference calls
initiated from appointed judge's courtroom in Brown County were void because disciplinary
proceeding was pending in Fort Bend County). (2) Conversely, if the judgment is not based upon "extra-territorial proceedings, ... the judgment is not void due to the out-of-county ... proceedings." Risker,
94 S.W.3d at 630. In cases filed after September 1, 1999, the restriction imposed by the "county seat"
requirement contained in article V, section 7 is somewhat liberalized by section 74.094(e) of the
Texas Government Code, which provides that "[a] judge who has jurisdiction over a suit pending in
one county may, unless objected to by any party, conduct any of the judicial proceedings except the
trial on the merits in a different county." Tex. Gov't Code Ann. § 74.094(e) (Vernon Supp. 2002).

 In reliance upon the text of section 74.094(e) and the holding in Risker, Acevedo asks that
we hold that the judgment in this case is void because Judge Ashby conducted the telephone hearing
on the Commission's motion for partial summary judgment from her chambers in Dallas County when
the disciplinary proceeding was pending in Bexar County. We decline to do so because we disagree
with the assumption implicit in Risker and Acevedo's argument - that a disciplinary proceeding is
subject to the geographical constraints imposed by article V, section 7 of the Texas Constitution and
section 74.094(e) of the Texas Government Code.

 "Under Article II, Section 1 of the Texas Constitution and section 81.011(c) of the State Bar
Act, the Texas Supreme Court has the power to regulate the practice of law in the State of Texas."
In re State Bar of Texas, 113 S.W.3d 730, 732 (Tex. 2003). "The State Bar Act gives [the] Court
'administrative control over the State Bar and provides a statutory mechanism for promulgating
regulations governing the practice of law.'" Id. Pursuant to this authority, the court promulgated the
Texas Rules of Disciplinary Procedure. Under these rules, a disciplinary proceeding is instituted by
"the Chief Disciplinary Counsel ... in the name of the Commission [for Lawyer Discipline]" by filing
a "Disciplinary Petition" alleging "Professional Misconduct" " with the Clerk of the Supreme Court
of Texas." Tex. R. Disciplinary P. 3.01, reprinted in Tex. Gov't Code Ann., tit.2, subtit. G app.
A-1 (Vernon 1998). Because original jurisdiction over a disciplinary petition is vested in the supreme
court, the county in which the disciplinary proceeding is actually conducted is a matter not of
jurisdiction but of venue. See Tex. R. Disciplinary P. 3.01(C) (a disciplinary petition "must contain
... [t]he residence and principal place of practice of the Respondent, or other allegations necessary
to fix venue"), 2.14 (proceeding must be "heard in a district court of proper venue"), 3.03 (requiring
"the Clerk of the Supreme Court [to] promptly forward the Disciplinary Petition and a copy of the
Supreme Court's appointing Order to the district clerk of the county of alleged venue") (emphasis
added). Unlike jurisdiction, venue is waivable. See Farris v. Ray, 895 S.W.2d 351, 352 (Tex. 1995)
(per curiam) (holding "enforceable Rule 11 agreement consenting to transfer of venue amounts to an
express waiver of the venue issue").

 In short, while a "disciplinary proceeding[] [is] civil in nature," State Bar of Texas v. Evans,
774 S.W.2d 656, 657 n.1 (Tex. 1989), it is not an ordinary proceeding. Unlike an ordinary
proceeding, a disciplinary proceeding is not filed in a trial court but in the Supreme Court of Texas;
it is not filed by either the State or a private litigant but by the Commission for Lawyer Discipline,
"a permanent committee of the State Bar of Texas," Tex. R. Disciplinary P. 1.06(C), which is itself
an administrative agency under the administrative control of the Supreme Court of Texas, State Bar
Act, Tex. Gov't Code Ann. § 81.011(a) (Vernon 1998); and it is not filed to redress a private wrong
or a violation of the penal code but to hold a lawyer accountable for his professional misconduct.

 We assume for purposes of our decision today that the geographical constraints imposed by
article V, section 7 and section 74.094(e) are jurisdictional in ordinary proceedings. However,
because the defining characteristics of a disciplinary proceeding are so unlike those of ordinary civil
and criminal proceedings, and particularly because original jurisdiction over a disciplinary proceeding
is lodged in the Supreme Court of Texas, we hold that the geographical constraints imposed by article
V, section 7 of the Texas Constitution and section 74.094(e) of the Texas Government Code do not
apply in a disciplinary proceeding. Cf. In re G.C., 980 S.W.2d 908, 909 (Tex. App.-Corpus Christi
1998, pet. denied) (holding that district court sitting as specialized juvenile court was not subject to
"county seat" requirement in article V, section 7). Consequently, we deny Acevedo's motion to
vacate the judgment and dismiss this appeal.

Sufficiency of the Evidence


 Acevedo next argues the trial court erred in granting the Commission's motion for partial
summary judgment. We again disagree.

Propriety of the Requests for Admission


 Acevedo argues the Commission's requests were overly broad. See, e.g., In re Estate of
Herring, 970 S.W.2d 583, 589 (Tex. App.-Corpus Christi 1998, no pet.). We disagree. Each of the
Commission's requests asked Acevedo to admit or deny the specific facts necessary to establish that
Acevedo violated the relevant Texas Disciplinary Rules of Professional Conduct, including Rules
1.04(a) (unconscionable fee), 1.08(a)(1)-(2), (b) (prohibited business transactions and gifts), 1.15(d)
(termination of representation), 4.04(b)(2) (threatening civil, criminal, or disciplinary charges), and
8.04(a)(3) (dishonesty, fraud, and misrepresentation).

Waiver


 Acevedo next argues the Commission waived its right to rely upon the deemed admissions
by failing to object to his motion to strike and the attached exhibits, which he alleges controvert the
deemed admissions. We again disagree.

 It is true that "a party waives the right to rely upon an opponent's deemed admissions unless
objection is made to the introduction of evidence contrary to those admissions." Marshall v. Vise,
767 S.W.2d 699, 700 (Tex. 1989). However, Marshall requires an objection when the controverting
evidence is offered at trial. See id. ("Vise has waived, therefore, his right to rely upon those
admissions which were controverted by testimony admitted at trial without objection.") (emphasis
added). Acevedo did not seek to introduce evidence contrary to the deemed admissions at trial, i.e.,
the hearing on the Commission's motion for partial summary judgment. (3) Indeed, he did not seek to
introduce controverting evidence until he filed his motion to strike - after the summary judgment
hearing and after Judge Ashby's letter stating she had granted the motion. And, even if we treat
Acevedo's motion to strike as a motion to file summary judgment proof late, it was denied; and
Acevedo has not challenged this ruling on appeal. Under these circumstances, the exhibits attached
to Acevedo's motion to strike did not become part of the summary judgment record. See Valores
Corporativos, S.A. de C.V. v. McLane Co., Inc., 945 S.W.2d 160, 162 (Tex. App.-San Antonio
1997, writ denied). Since no evidence controverting the deemed admissions was offered at trial, the
Commission was under no obligation to object to preserve its right to rely upon the deemed
admissions.

Adequacy of the Deemed Admissions


 Acevedo next argues that the deemed admissions "do not establish all the elements needed
for summary judgment." We again disagree. 

 Admissions of fact on file at the time of a summary judgment hearing are proper summary
judgment proof, Tex. R. Civ. P. 166a(c), and thus will support a motion for partial summary
judgment. See, e.g., CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia, 108 S.W.3d 464, 466 (Tex.
App.-Houston [14th Dist.] 2003, no pet.). Here, the deemed admissions establish that Acevedo was
an attorney licensed to practice law in the State of Texas and a member of the State Bar of Texas;
he was hired by JoAnn Bernal and paid $2000 to represent Ricardo Hernandez in a pending
deportation matter but did not have Bernal sign a contract and did not perform the work he
represented to Bernal he would perform; he misrepresented the deportation bonding process to
Bernal and that he had hired an investigator for $1200; he refused Bernal's requests for a refund of
unearned fees and the return of her file; and he threatened Bernal and Hernandez at the State Bar
offices at the time of the investigatory hearing. These deemed admissions clearly support Judge
Ashby's rulings that Acevedo charged Bernal an unconscionable fee in violation of Rule 1.04(a),
refused to return her file in violation of Rule 1.15(d), threatened Bernal and Hernandez in violation
of Rule 4.04(b)(2), and misrepresented to Bernal the deportation bonding process and that he had
hired an investigator in violation of Rule 8.04(a)(3). 

 The deemed admissions also establish that Acevedo was hired by Josephine Stiles to provide
legal advice regarding an agreement she had reached with Matilda Perez, an employee of Adult
Protective Services, regarding Stiles' property at 1825 La Manda in San Antonio, Texas; and
Acevedo obtained Stiles' unlimited power of attorney and prepared legal documents transferring the
property at 1825 La Manda to his wife Janet with neither monetary consideration nor assumption of
the loan on the property and then filed these documents with the Bexar County Clerk. The deemed
admissions also establish that Acevedo was aware Stiles could not read the documents because she
was unable to read the small print and that he misrepresented the true purpose of the documents.
These findings clearly support Judge Ashby's rulings that Acevedo entered into a prohibited
transaction with his client in violation of Rule 1.08 and engaged in dishonesty and misrepresentation
in violation of Rule 8.04(a)(3).

Res Judicata and Collateral Estoppel


 Acevedo next argues Judge Ashby "erred because use of evidence from [Acevedo v. Stiles,
No. 04-02-00077-CV, 2003 WL 21010604 (Tex. App.-San Antonio May 7, 2003, pet. denied)] is
barred by res judicata and collateral estoppel." We again disagree.

 "A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought
to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts
were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the
first action." Neely v. Commission for Lawyer Discipline, 976 S.W.2d 824, 827 (Tex. App.-Houston
[1st Dist.] 1998, no pet.). Collateral estoppel applies to "ultimate issue[s] of fact actually litigated
and essential to the judgment in a prior suit." Gonzalez v. State Bar of Texas, 904 S.W.2d 823, 830
(Tex. App.-San Antonio 1995, writ denied). "The doctrine of res judicata in Texas holds that a final
judgment in an action bars the parties and their privies from bringing a second suit 'not only on
matters actually litigated, but also on causes of action or defenses which arise out of the same subject
matter and which might have been litigated in the first suit.'" Compania Financiara Libano, S.A. v.
Simmons, 53 S.W.3d 365, 367 (Tex. 2001) (quoting Barr v. Resolution Trust Corp., 837 S.W.2d
627, 630 (Tex. 1992)).

 Stiles, Acevedo's former client, sued Acevedo and his wife Janet for, inter alia, breach of
fiduciary duty. See Acevedo, 2003 WL 21010604, at *1. The trial court rendered judgment on the
jury's verdict and, in addition to awarding Stiles the $40,000 in damages awarded by the jury, ordered
that the warranty deed conveying Stiles' home to Janet Acevedo be set aside and declared void, a
quitclaim deed Stiles had signed in favor of Janet Acevedo also be set aside, title quieted in Stiles
against the Acevedos, and the Acevedos to vacate the property. See id. This court affirmed the trial
court's judgment; and the supreme court denied the Acevedos' petition for review. See id.

 Clearly the "ultimate issue[s] of fact" in this disciplinary proceeding - that Acevedo is subject
to discipline for violating several of the Disciplinary Rules of Professional Conduct - were not
"actually litigated," "essential to the judgment," or "finally adjudicated" in Stiles' breach of fiduciary
lawsuit against the Acevedos. Nor can it be said that the Commission's allegations of professional
misconduct could have been litigated in Stiles' breach of fiduciary lawsuit. Accordingly, neither res
judicata nor collateral estoppel is implicated.

Legal Malpractice


 Acevedo next argues Judge Ashby "erred because [his] disbarment arises from claims for legal
malpractice" that were not made in "the underlying Stiles lawsuit." We disagree.

 An attorney disciplinary action is "not an attorney malpractice case where the standard of care
is at issue. Rather, [it] is a disciplinary proceeding where the appropriate interpretation of the Rules
of Conduct and a factual determination of whether [the attorney's] conduct met or violated the Rules
is at issue." Hawkins v. Commission for Lawyer Discipline, 988 S.W.2d 927, 936 (Tex. App.-El
Paso 1999, pet. denied), cert. denied, 529 U.S. 1022 (2000). Thus Stiles exercised her right to sue
the Acevedos on her personal cause of action for breach of the fiduciary duties owed to her; and the
Commission has exercised its right to bring this disciplinary proceeding against Acevedo for his
professional misconduct.

Due Process


 Acevedo next argues he "was denied his basic due process rights to have the State Bar present
evidence showing intentional wrongdoing or a fraudulent breach of fiduciary duty and that such
caused injury to either Bernal or Stiles." We again disagree. The predicate for a disciplinary sanction
does not require a showing of intentional wrongdoing, a fraudulent breach of fiduciary duty, or injury
to a client; it requires only "Professional Misconduct." See Tex. R. Disciplinary P. 3.09.

Disbarment Sanction


 Finally, Acevedo argues Judge Ashby abused her discretion in disbarring him. We are unable
to consider this issue, however, because Acevedo has failed to provide us with a reporter's record
of the sanctions hearing. See Sandoval v. Commission for Lawyer Discipline, 25 S.W.3d 720, 722
(Tex. App.-Houston [14th Dist.] 2000, pet. denied). (4)

Conclusion


 In summary, we hold that a disciplinary proceeding is not subject to the geographical
constraints imposed by article V, section 7 of the Texas Constitution and section 74.094(e) of the
Texas Government Code and therefore deny Acevedo's motion to vacate the judgment and dismiss
this appeal. Because Acevedo's remaining complaints are likewise without merit, we affirm the
judgment.


 Sarah B. Duncan, Justice
1. The Honorable Anne Ashby, Judge of the 134th Judicial District Court of Dallas County, Texas, was
appointed to preside over this disciplinary proceeding by the Supreme Court of Texas pursuant to Texas Rule of
Disciplinary Procedure 3.02.
2. See also, e.g., Garza v. State, 974 S.W.2d 251, 262 (Tex. App.-San Antonio 1998, pet. ref'd) (citing Stine
v. State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995)); DeShazo v. Hall, 963 S.W.2d 958, 960 (Tex. App.-Houston
[14th Dist.] 1998, no pet.) (holding judgment void because hearing on cross motions for judgment conducted outside
county in which case was pending); but see Fain v. State, 986 S.W.2d 666, 674 n.11 (Tex. App.-Austin 1998, pet.
ref'd)(en banc) ("we are persuaded by Judge Meyer's explanation [in his concurrence in Stine] that the 'county seat'
provision of article V, section 7 is not jurisdictional").
3. The Texarkana Court of Appeals has held that the Marshall rule does not apply in the summary judgment
context. See Beasley v. Burns, 7 S.W.3d 768, 770 (Tex. App.-Texarkana 1999, pet. denied). However, a summary
judgment hearing is considered a "trial" for purposes of amended pleadings under Texas Rule of Civil Procedure 63.
See, e.g., Lincoln Prop. Co. v. Kondos 110 S.W.3d 712, 714 (Tex. App.-Dallas 2003, no pet.); Domizio v. Progressive
County Mut. Ins. Co., 54 S.W.3d 867, 876 (Tex. App.-Austin 2001, pet. denied). And we can conceive of no reason
it would not be considered a "trial" for purposes of the Marshall rule. We need not decide this issue here, however. We
assume for purposes of our decision that the Marshall rule applies in the summary judgment context.
4. After Judge Ashby signed the judgment, Acevedo filed an affidavit of inability to pay the costs of his appeal.
The Commission filed a contest, which was sustained after Acevedo failed to establish indigency at the ensuing
hearing. This court affirmed the order and ordered Acevedo to file the reporter's record by February 28, 2003. Acevedo
v. Commission for Lawyer Discipline, No. 04-02-00718-CV, 2003 WL 179995 (Tex. App.-San Antonio June 29, 2003,
pet. denied, mandamus denied) (order). Acevedo did not comply with our order. Thereafter, the reporter filed a
notification of late record because Acevedo had not paid or made arrangements to pay the reporter's fee. On March
28, 2003, we ordered Acevedo to provide written proof by April 7, 2003 that he had either paid the fee or made
arrangement to pay the fee. We further ordered that "[i]f appellant fails to respond within the time provided ... the court
will only consider those issues or points raised in appellant's brief that do not require a reporter's record for a
decision." See Tex. R. App. P. 37.3(c). Acevedo failed to comply with our March 28 order.