Opinion issued July 3, 2008 



In The 

Court of Appeals


For The 



First District of Texas

NO. 01-07-00552-CV 

SARA MORGAN GELLATLY, AppellantV.UNIFUND CCR PARTNERS, Appellee

On Appeal from the County Court at Law Number 4Harris County, TexasTrial Court Cause No. 880,265


MEMORANDUM OPINION 

Appellant, Sara Morgan Gellatly, appeals the trial court’s summary judgment in favor of appellee, Unifund CCR Partners (“Unifund”). We affirm. 


BACKGROUND

As successor-in-interest to Citibank (South Dakota),Unifund sued Gellatly for money allegedly owing on an unpaid credit card account. Unifund asserted causes of action for “suit on open & stated account/debt” and, in the alternative, “quantum meruit/unjust enrichment.” In its original petition, Unifund served Gellatly with twenty-nine requests for admission and requests for disclosure. The requested admissions stated that Gellatly: (1) opened a credit card account with Unifund’s predecessor-in-interest, (2) made payments and received monthly account statements, 

(3) never disputedthecharges or sought verification, (4) owed Unifund a certain sum of money plus prejudgment interest, and (5) contractually agreed to an interest rate of 28.74%. Specifically, request for admission number 11 stated, “Defendant presently owes Plaintiff the amount of $17,842.72, along with pre-judgment interest.” Request for admission number 12 stated, “The attached statement accurately states the amount of money that Defendant owes to Plaintiff on the account.” Request for admission number 14 stated, “Defendant’s breach has damaged Plaintiff in the amount of $17,482.72.” 

Two documents were attached to the original petition: (1) a document entitled, “Unifund Statement,” and (2) an affidavit of indebtedness, sworn to by Kim Kenney, Unifund’s media supervisor. The Unifund Statement, which was referenced in request for admission number 12, showed a balance of $31,442.47 on Gellatly’s 

account. Kenney’s affidavit states: 

The defendant is not in any branch of the military. 

There is due and payable from SARA M. GELLATLY, Account Number 5424180427984106, the amount of $31442.47 (principal balance in the amount of $17482.72 plus interest up through 01/19/2006 in the amount of $13959.75). By the terms of the agreement between the defendant and the original creditor, interest is accruing from the aforesaid date at the rate of 28.74 percent per annum. This balance reflects any payments, credits or offsets made since the account was charged off. 

Citibank (South Dakota) National Association’s account was issued under the name of Citibank. Unifund CCR Partners purchased this account from Citibank (South Dakota) National Association. 

Gellatly filed a general denial, and she specifically denied that Unifund had 

made a sworn account claim. The record shows no responses to Unifund’s requests 

for admissions and disclosures on file. 

Unifund filed a motion for summary judgment and an amended petition. 

Unifund attached the following documents to its motion for summary judgment: 

(1) the affidavit of Joseph Lutz, a record specialist for Unifund, who offered testimony to prove that the account statements were business records; (2) account statements; and (3) a photocopy of a credit card agreement, and (4) an affidavit from Unifund’s attorney regarding attorney’s fees. The attached credit card agreement recited standard terms and conditions. In addition, Unifund argued, “The deemed admissions establish that Defendant entered into an agreement with Plaintiff/Plaintiff’s predecessor in interest, that Defendant received the credit, that Plaintiff/Plaintiff’s predecessor in interest extended credit to Defendant, and that Defendant made payments less than the total of the purchases.” 

Gellatly responded to Unifund’s motion for summary judgment and filed a counter-motion for summary judgment. Gellatly argued that Unifund lacked standing to sue, stating, “The party asserting that a debt is due to it by virtue of an assignment must prove that the debt was in fact assigned to it.” She also argued that: (1) suit on a credit card account cannot be brought as a suit on a sworn account and Unifund must produce evidence of the assignment from Citibank; (2) Unifund’s quantum meruit claim must fail because Unifund produced no evidence that it provided Gellatly with materials or services; (3) Unifund had not produced evidence of a valid contract; (4) the Lutz business records affidavit did not meet the predicate for the hearsay exception because Lutz is not a person with knowledge from the original lender; (5) the “affidavits attached to the original Petition and to the Motion for Summary Judgment are not made by someone with the knowledge of the records of CITIBANK but rather an employee of UNIFUND CCR partners, a debt buyer and collector.” 

In response, Unifund argued that the cardmember agreement and account statements showed the existence of a valid contract, because the cardmember agreement stated, under “Acceptance of Agreement,” that “the use of your Account or a Card, by you or an Authorized User, or your failure to cancel your Account within 30 days after receiving a Card, means you accept this agreement.” 

The trial court granted Unifund’s motion for summary judgment, awarding $31,442.47 plus $7,861.00 attorney’s fees, $7,861.00 if Gellatly unsuccessfully appeals, 28.74% prejudgment interest, 18% post-judgment interest on the principal amount, and 8.25% interest on attorney’s fees. The order also stated, “All relief not expressly granted herein is denied.” 

Gellatly filed a motion for new trial and objections to affidavits. She reurged her hearsay and lack of personal knowledge objections to the Lutz affidavit, and elaborated on those arguments. In addition, she objected to the Lutz affidavit on the grounds that it lacked foundation in multiple ways and was conclusory. She reurged her lack of personal knowledge objection to the Kenney affidavit, and she objected to it as conclusory, hearsay, and based on lack of foundation and authentication. The trial court denied Gellatly’s motion for new trial and expressly overruled her objections to the Lutz and Kenney affidavits. 

On appeal, Gellatly argues that the court erred in overruling her objections to the Lutz and Kenney affidavits and by granting summary judgment in favor of Unifund. Specifically, she again argues that the Lutz and Kenney affidavits are not based on personal knowledge, are hearsay, and are conclusory. She also argues that 

(1) summary judgment was not merited under any of Unifund’s asserted causes of action (open account, stated account, breach of contract, or quantum meruit) and (2) Unifund lacks standing and has produced no evidence that it owns her account. 

Unifund argues that Gellatly’s objectionsto the Lutz and Kenneyaffidavits are waived because she did not raise them in the trial court before the court’s rendition of summary judgment and that summary judgment was properly granted on either an open account or a quantum meruit theory. 



STANDARD OF REVIEW 

We review de novo a trial court’s granting of a motion for summary judgment. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is properly granted when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c) (“The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, [and] stipulations of the parties . . . on file at the time of the hearing . . . show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law . . . .”); Knott, 128 S.W.3d at 215–16. The movant must establish that it is entitled to summary judgment as a matter of law on each element of its cause of action. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). 

If the movant conclusively establishes its cause of action, the burden shifts to the nonmovant to respond with evidence raising a genuine issue of material fact that would preclude summary judgment. Id. at 222–23. However, a nonmovant is not required to respond with evidence if deficiencies in the movant’s own proof or legal theories will defeat the movant’s right to judgment as a matter of law. See City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979). 

In deciding whether there is a disputed material fact precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be resolved in favor of the nonmovant. Knott, 128 S.W.3d at 215. When, as here, the trial court does not state the basis for its decision in its summary judgment order, we must uphold the order if any of the theories advanced is meritorious. Id. at 216. Here, Unifund sought summary judgment on its “suit on open & stated account/debt” and quantum meruit theories, and we will address each in turn. 



SUIT ON ACCOUNT/BREACH OF CONTRACT 

Although termed “suit on open & stated account/debt,” the petition alleges a cause of action for breach of contract, and Unifund’s motion for summary judgment also seeks recovery for breach of contract.[1] Therefore, to be entitled to summary judgment on its breach of contract claim, Unifund was required to prove, as a matter of law, the following essential elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach. Winchek v. American Exp. Travel Related Servs. Co., 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 

In support of its motion for summary judgment, Unifund offered: (1) the Kenney affidavit and attached Unifund statement, both of which were attached to Unifund’s original petition and on file when the motion for summary judgment was heard; (2) the Lutz affidavit and attached copies of account statements and the credit 

1

Gellatly argues that Unifund is not entitled to recover as on a sworn account. We agree. Under the Rules of Civil Procedure, the evidence needed to establish a prima facie right to recovery on certain accounts, including sworn accounts, is limited. TEX.R.CIV.P.185. We recently held that Rule 185 does not apply to a suit to recover credit card debt. Williams v. Unifund CCR Partners Assignee of Citibank, No. 01-06-00927-CV, 2008 WL 339855, *3 (Tex. App.—Houston [1st Dist.] February 7, 2008, no pet.). 

card agreement; and (3) an affidavit from Anh Regent as to attorney’s fees, which was not challenged in the trial court. 



Lutz & Kenney Affidavits 


Form Objections 

Unifund argues that Gellatly waived her objections to the Lutz and Kenney affidavits by failing to object to them in the trial court. 

“To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, set forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to matters stated therein.” TEX. 

R. CIV. P. 166a(f). “A trial court can only consider pleadings and proof on file at the time of the hearing, or filed after thehearing and before judgment with the permission of the court.” Hussong v. Schwan’s Sales Enterprises, Inc., 896 S.W.2d 320, 323 (Tex. App.—Houston [1st Dist.] 1995, no writ). 

A party must object in writing and obtain an express or implied ruling from the trial court to preserve a complaint about the form of summary judgment evidence. TEX. R. CIV. P. 166a(f); TEX. R. APP. P. 33.1(a)(2)(A); Grand Prairie I.S.D. v. Vaughan, 792 S.W.2d 944, 945 (Tex. 1990); Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ). “A trial court’s ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment.” Delfino v. Perry Homes, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting Well Solutions,Inc. v. Stafford, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.)). 

However, an objection that an affidavit states only a legal conclusion is an objection to a substantive defect, which may be raised for the first time on appeal. Green v. Indust. Speciality Contractors, Inc., 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no pet.); Rizkallah, 952 S.W.2d at 587. 

In response to Unifund’s motion for summary judgment, Gellatly objected to the Lutz affidavit on hearsay grounds and to both the Lutz and Kenney affidavits based on lack of personal knowledge. Specifically, Gellatly argues that, as Unifund’s custodian of the records, Lutz cannot testify about the creation of business records that predate Unifund’s acquisition of them. She also argues, “Kenney does not recite that the affidavit is made on personal knowledge.” These are objections as to form. See Vaughn, 792 S.W.2d at 945 (holding that failure to affirmatively show that affiant had personal knowledge is defect in form and must be preserved in trial court); see also Green, 1 S.W.3d at 130 (“An objection that an affidavit contains statements of opinion or hearsay is an objection to the form of the affidavit.”). Nothing in the record shows that the trial court ruled on Gellatly’s objections before rendering judgment. Therefore, her form objections regarding the Lutz and Kenney affidavits are waived. We will, however, consider Gellatly’s arguments that the affidavits are conclusory. 

Substantive Objections 

Gellatly argues that the trial court erred by admitting the Lutz and Kenney affidavits because they are conclusory. In his “business-records” affidavit, Lutz testified that he was one of the records custodians for Unifund. Similarly, Kenney testified that she was a media supervisor for Unifund. Gellatly generally argues that each affidavit is “nothing more than a series of conclusions,” without identifying any statements in the affidavits that she contends are legal conclusions. 

Conclusory statements in an affidavit are not proper summary judgment proof. Rizkallah, 952 S.W.2d at 587. “A conclusory statement is one that does not provide the underlying facts to support the conclusion.” Id. “Conclusory statements without factual support are not credible and are not susceptible tobeing readily controverted.” Id.; See TEX.R. CIV. P. 166a(c). 

Contrary to Gellatly’s assertions, the affidavits are not conclusory. Lutz’s affidavit was based on personal knowledge derived from his work at Unifund. Lutz’s affidavit specifically states, “I have personal knowledge of the facts stated, and they are all true and correct.” We have held “business records” affidavits such as Lutz’s to be competent summary judgment evidence. E.g. Winchek, 232 S.W.3d at 206 (holding that business records affidavit made by custodian of records not conclusory). Kenney’s affidavit states that she is the media supervisor for Unifund and “authorized to make the statements and representations herein.” Kenney’s affidavit is a series of factual statements, asserting such facts as Gellatly’s name, account number, the amount of principal balance and interest owing on Gellatly’s account, and the contractual interest rate. 

We conclude that the Lutz and Kenney affidavits are not conclusory and that the trial court did not err in considering them. 




Deemed Admissions 

If a party fails to timely serve a response to a request for admissions, the requests are deemed admitted without a court order. TEX. R. CIV. P. 198.2(c). A matter admitted this way is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. TEX. R. CIV. P. 198.3. Deemed admissions are competent summary judgment evidence. Schafer v. Federal Servs. Corp., 875 S.W.2d 455, 457 (Tex. App.—Houston [1st Dist.]1994, no writ) (holding that trial court was free to consider deemed admissions, although not specifically referenced in motion for summary judgment); TEX. R. CIV. P. 166a(c). 

Here, Unifund served Gellatly with requests for admission with its original petition, on December 14, 2006. Unifund filed its motion for summary judgment on April 5, 2007, at which point no response to its requests for admissions was on file. Because no response was timely filed, the requests for admissions were deemed admitted. See TEX. R. CIV. P. 198.2. However, Unifund did argue to the trial court that these deemed admissions provided some summary judgment evidence in its favor. Specifically, Unifund argued: 

Plaintiff’s summary judgment evidence establishes that Defendant was given an extension of credit by Plaintiff’s predecessor in interest, to purchase goods. The deemed admissions establish that Defendant entered into an agreement with Plaintiff/Plaintiff’s predecessor in interest, that Defendant received the credit, that Plaintiff/Plaintiff’s predecessor in interest extended credit to Defendant,and that Defendant made payments less than the total of the purchases. 

The deemed admissions establish: (1) the existence of a contract between Gellatly and Unifund’s predecessor in interest; (2) that Unifund’s predecessor in interest performed on the contract; (3) that Unifund now owns the debt; (4) that Gellatly breached the contract by failing to make payments; and (5) that Unifund’s predecessor in interest and, therefore, Unifund were damaged by Gellatly’s failure to pay. Gellatly presents no argument regarding the deemed admissions on appeal. The deemed admissions supply conclusive proof of the elements of Unifund’s breach-ofcontract cause of action. [2] See TEX. R. CIV. P. 198.2; see Overstreet v. Home Indemnity Co., 669 S.W.2d 825, 827–28 (Tex. App.—Dallas 1984) rev’d on other grounds by 678 S.W.2d 916 (Tex. 1984) (holding that deemed admissions established right to summary judgment as matter of law.). 

We hold that the deemed admissions and affidavits supply conclusive proof of the elements of Unifund’s cause of action. We overrule Gellatly’s sole issue. 

[2]The deemed admissions also supply conclusive proof of Unifund’s standing to sue, as the owner of the account. In addition, Unifund sued on an alternate theory of quantum meruit. Because the deemed admissions conclusively prove the existence of a contract, quantum meruit is not available as a theory of recovery. Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000) (holding that because party to contract bound by express agreement, quantum meruit not available where express contract proven). 



CONCLUSION 

We affirm the judgment of the trial court. 

Sam Nuchia Justice 

Panel consists of Justices Nuchia, Alcala, and Hanks.