

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-375-CV

ALISA R. STEPHENSON                                    APPELLANT

V.

JOYCE PERATA                                           APPELLEE

------------

### FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

In two issues, appellant Alisa R. Stephenson asserts that the trial court erred in granting summary judgment for appellee Joyce Perata based on deemed admissions.  We affirm.

In November 2007, Perata sued Stephenson for allegedly embezzling $32,820.24 from Perata.  Stephenson, acting pro se, timely filed a general

---

[1] *See* Tex. R. App. P. 47.4.

denial.  Perata served requests for admissions on Stephenson and Stephenson failed to timely respond.  Accordingly, the admissions were deemed admitted against Stephenson without the necessity of a court order.[2] Stephenson neither asked the trial court to undeem the admissions nor served a late response to the request for admissions.

Perata filed a motion for summary judgment supported by the deemed admissions.  Stephenson requested and was granted a forty-three day continuance to respond to the summary judgment motion and prepare for the summary judgment hearing.  Stephenson did not file a response to the summary judgment motion.  On the day of the summary judgment hearing, Stephenson appeared by counsel and asked for additional time to file a late response to the summary judgment motion.  The trial court denied Stephenson's motion for leave and granted Perata's summary judgment motion on her fraud claim and under the Texas Deceptive Trade Practices - Consumer Protection Act (DTPA). Stephenson filed a motion for new trial, which the trial court overruled.  This appeal followed.

---

[2] *See* Tex. R. Civ. P. 198.2(a) (a party must respond to requests for admissions within thirty days), 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order.").

2

In a summary judgment case, the issue on appeal is whether the movant established that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[3] The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.[4]

A plaintiff is entitled to summary judgment on a cause of action if she conclusively proves all essential elements of the claim.[5] When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[6] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[7]

---

[3] Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

[4] *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

[5] *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

[6] *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

[7] *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).

Stephenson complains on appeal that granting summary judgment based solely on deemed admissions is impermissible and that the deemed admissions were not competent summary judgment evidence because they involved questions purely of law and not of fact. We disagree.

When a party fails to answer a request for admissions, the matters therein are deemed admitted without the necessity of a court order.[8] Such admissions are "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission."[9] Moreover, admissions, once made or deemed by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits.[10]

Admissions of fact on file at the time of a summary judgment hearing are proper summary judgment proof and thus will support a motion for summary judgment.[11] While answers constituting admissions of law are not binding on

---

[8] Tex. R. Civ. P. 198.2(c); *see Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989).

[9] Tex. R. Civ. P. 198.3.

[10] *See Marshall*, 767 S.W.2d at 700.

[11] Tex. R. Civ. P. 166a(c); *see Acevedo v. Comm'n for Lawyer Discipline*, 131 S.W.3d 99, 105 (Tex. App.—San Antonio 2004, pet. denied).

4

a court, the response to a request for admission that asks a party to apply the law to a set of facts may be competent summary judgment evidence.[12]

Here, Perata supported her summary judgment motion with the following deemed admissions:

- Stephenson had an agreement with Perata to service Perata's bi-weekly home mortgage payment plan with Countrywide Home Loans;

- Stephenson withdrew funds from Perata's bank account by electronic debit on a bi-weekly basis from January 13, 2005 to October 10, 2006;

- Stephenson withdrew $80,789.40 by electronic transfer from Perata's bank account and deposited those funds into a bank account controlled by Stephenson;

- Stephenson paid $47,699.16 to Countrywide Home Loans on Perata's behalf, leaving a balance of $32,820.24 held by Stephenson;

- Stephenson failed to pay the $32,820.24 to Countrywide Home Loans on Perata's behalf, in breach of Stephenson's agreement with Perata;

- as of August 5, 2007, Stephenson had failed to return the $32,820.24 to Perata, despite Perata's numerous demands for the same; and

- between August 6, 2007 and November 8, 2007, Stephenson returned $11,500.00 to Perata, but as of January 21, 2008, Stephenson still owed Perata $21,320.24.

Although Perata's summary judgment motion incorporated some deemed admissions based upon pure issues of law and summary judgment could not be

---

[12] *See* Tex. R. Civ. P. 198.1; *Duong v. Bank One, N.A.*, 169 S.W.3d 246, 251 (Tex. App.—Fort Worth 2005, no pet.).

based on those admissions, these admissions of fact are competent summary judgment evidence and conclusively establish Perata's right to summary judgment.[13] Accordingly, the trial court did not err in granting summary judgment based on deemed admissions.[14]

We, therefore, affirm the trial court's summary judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

DELIVERED:  May 7, 2009

---

[13] *See* Tex. R. Civ. P. 166a(c); *Acevedo*, 131 S.W.3d at 105; *Schafer v. Fed. Servs. Corp.*, 875 S.W.2d 455, 457 (Tex. App.—Houston [1st Dist.] 1994, no writ).  Stephenson does not assert on appeal that these admissions, if properly deemed, do not conclusively establish Perata's right to summary judgment.

[14] Stephenson's reliance on *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005), is misplaced.  In *Wheeler*, a pro se litigant tried to timely answer requests for admission but failed to because she was unaware of the mailbox rule and, thus, her responses were two days late. *Id.* at 441.  The supreme court held that the trial court abused its discretion in deeming the admissions, holding that courts should allow deemed admissions to be withdrawn if a party can show (1) good cause and (2) no undue prejudice. *Id.* at 442.  A party demonstrates good cause "by showing the failure [to answer] was an accident or mistake, not intentional or the result of conscious indifference." *Id.*  Here, unlike the pro se litigant in *Wheeler*, Stephenson never responded to the requests for admission (or any of the other written discovery propounded by Perata), nor did she demonstrate that her failure to respond was an accident or mistake.  Under these circumstances, the trial court did not err in basing a summary judgment on the deemed admissions. *See id.* at 442–44.