COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-375-CV

 

                                                    

ALISA R.
STEPHENSON                                                        APPELLANT



 

                                                   V.

 

JOYCE PERATA                                                                     APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In two issues, appellant Alisa R. Stephenson
asserts that the trial court erred in granting summary judgment for appellee
Joyce Perata based on deemed admissions. 
We affirm.








In November 2007, Perata sued Stephenson for
allegedly embezzling $32,820.24 from Perata. 
Stephenson, acting pro se, timely filed a general denial.  Perata served requests for admissions on
Stephenson and Stephenson failed to timely respond.  Accordingly, the admissions were deemed
admitted against Stephenson without the necessity of a court order.[2]  Stephenson neither asked the trial court to
undeem the admissions nor served a late response to the request for admissions.

Perata filed a motion for summary judgment
supported by the deemed admissions. 
Stephenson requested and was granted a forty-three day continuance to
respond to the summary judgment motion and prepare for the summary judgment
hearing.  Stephenson did not file a
response to the summary judgment motion. 
On the day of the summary judgment hearing, Stephenson appeared by
counsel and asked for additional time to file a late response to the summary
judgment motion.  The trial court denied
Stephenson=s motion for leave and granted
Perata=s
summary judgment motion on her fraud claim and under the Texas Deceptive Trade
Practices - Consumer Protection Act (DTPA). 
Stephenson filed a motion for new trial, which the trial court overruled.  This appeal followed.








In a summary judgment case, the issue on appeal
is whether the movant established that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law.[3]  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.[4]

A plaintiff is entitled to summary judgment on a
cause of action if she conclusively proves all essential elements of the claim.[5]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[6]  Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.[7]








Stephenson complains on appeal that granting
summary judgment based solely on deemed admissions is impermissible and that
the deemed admissions were not competent summary judgment evidence because they
involved questions purely of law and not of fact.  We disagree.

When a party fails to answer a request for
admissions, the matters therein are deemed admitted without the necessity of a
court order.[8]  Such admissions are Aconclusively
established as to the party making the admission unless the court permits the
party to withdraw or amend the admission.@[9]  Moreover, admissions, once made or deemed by
the court, may not be contradicted by any evidence, whether in the form of live
testimony or summary judgment affidavits.[10]








Admissions of fact on file at the time of a
summary judgment hearing are proper summary judgment proof and thus will
support a motion for summary judgment.[11]  While answers constituting admissions of law
are not binding on a court, the response to a request for admission that asks a
party to apply the law to a set of facts may be competent summary judgment
evidence.[12]

Here, Perata supported her summary judgment
motion with the following deemed admissions:

$                  
Stephenson had an agreement with Perata to service Perata=s bi-weekly home mortgage
payment plan with Countrywide Home Loans;

 

$                  
Stephenson withdrew funds from Perata=s bank account by
electronic debit on a bi-weekly basis from January 13, 2005 to October 10,
2006;

 

$                  
Stephenson withdrew $80,789.40 by electronic transfer from Perata=s bank account and
deposited those funds into a bank account controlled by Stephenson;

 

$                  
Stephenson paid $47,699.16 to Countrywide Home Loans on Perata=s behalf, leaving a
balance of $32,820.24 held by Stephenson;

 

$                  
Stephenson failed to pay the $32,820.24 to Countrywide Home Loans on
Perata=s behalf, in breach of
Stephenson=s agreement with Perata;

 

$                  
as of August 5, 2007, Stephenson had failed to return the $32,820.24
to Perata, despite Perata=s numerous demands for
the same; and

 

$                  
between August 6, 2007 and November 8, 2007, Stephenson returned
$11,500.00 to Perata, but as of January 21, 2008, Stephenson still owed Perata
$21,320.24.

 








Although Perata=s summary judgment motion
incorporated some deemed admissions based upon pure issues of law and summary
judgment could not be based on those admissions, these admissions of fact are
competent summary judgment evidence and conclusively establish Perata=s right
to summary judgment.[13]  Accordingly, the trial court did not err in
granting summary judgment based on deemed admissions.[14]

We, therefore, affirm the trial court=s
summary judgment.

 

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and
MEIER, JJ.

DELIVERED:  May 7, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 198.2(a)
(a party must respond to requests for admissions within thirty days), 198.2(c)
(AIf a response is not
timely served, the request is considered admitted without the necessity of a
court order.@).





[3]Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).





[4]Sw. Elec. Power Co., 73 S.W.3d at 215.





[5]See Tex. R. Civ. P. 166a(a),
(c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[6]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[7]Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).





[8]Tex. R. Civ. P. 198.2(c);
see Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989).





[9]Tex. R. Civ. P. 198.3.





[10]See Marshall, 767 S.W.2d at 700.





[11]Tex. R. Civ. P. 166a(c); see
Acevedo v. Comm=n for Lawyer Discipline, 131 S.W.3d 99, 105
(Tex. App.CSan Antonio 2004, pet.
denied).





[12]See Tex. R. Civ. P. 198.1; Duong
v. Bank One, N.A., 169 S.W.3d 246, 251 (Tex. App.CFort Worth 2005, no pet.).





[13]See Tex. R. Civ. P. 166a(c);
Acevedo, 131 S.W.3d at 105; Schafer v. Fed. Servs. Corp., 875
S.W.2d 455, 457 (Tex. App.CHouston [1st Dist.] 1994, no writ).  Stephenson does not assert on appeal that
these admissions, if properly deemed, do not conclusively establish Perata=s right to summary
judgment.





[14]Stephenson=s reliance on Wheeler
v. Green, 157 S.W.3d 439 (Tex. 2005), is misplaced.  In Wheeler, a pro se litigant tried to
timely answer requests for admission but failed to because she was unaware of
the mailbox rule and, thus, her responses were two days late.  Id. at 441.  The supreme court held that the trial court
abused its discretion in deeming the admissions, holding that courts should
allow deemed admissions to be withdrawn if a party can show (1) good cause and
(2) no undue prejudice.  Id. at
442.  A party demonstrates good cause Aby showing the failure
[to answer] was an accident or mistake, not intentional or the result of
conscious indifference.@  Id. 
Here, unlike the pro se litigant in Wheeler, Stephenson never
responded to the requests for admission (or any of the other written discovery
propounded by Perata), nor did she demonstrate that her failure to respond was
an accident or mistake.  Under these
circumstances, the trial court did not err in basing a summary judgment on the
deemed admissions.  See id. at 442B44.