Thomas S. MACKIE, Appellant,

v.

David T. GUTHRIE, Appellee.

No. 12–01–00043–CV.

Court of Appeals of Texas,
Tyler.

Nov. 19, 2001.

Rehearing Overruled Jan. 29, 2002.

Robert H. Renneker, Dallas, for appellant.

Scott A. Ritcheson, Hardy, Atherton, Dollahite & Ritcheson, P.C., Tyler, for appellee.

Panel consisted of DAVIS, C.J., WORTHEN and GRIFFITH, JJ.

LEONARD DAVIS, Chief Justice.

Thomas S. Mackie ("Mackie") has filed a motion for rehearing. Mackie's motion for rehearing is denied. The opinion of September 5, 2001 is hereby withdrawn and the following opinion is substituted in its place.

Mackie appeals the trial court's order granting final summary judgment and award of attorneys' fees in favor of Appellee, David T. Guthrie ("Guthrie"). Mackie raises three issues on appeal. We affirm.

## BACKGROUND

Guthrie was the owner of one hundred percent of the outstanding capital stock of Reliable Gas Company, Inc. ("Reliable"), a Texas Corporation. Guthrie, who was interested in selling the assets of Reliable, was approached by Mackie, who, at the time, was a representative for Redmond Derks, L.L.C. ("Redmond Derks"). On November 14, 1996, Reliable and Redmond Derks entered into an agreement whereby Redmond Derks would introduce prospective buyers to Guthrie as a representative of Reliable and if Reliable was sold or if a similar business arrangement was entered into between Reliable and such a prospective buyer, then Reliable agreed to pay Redmond Derks five percent of the purchase price (the "Redmond Derks Contract"). The Redmond Derks Contract set forth that Mackie remained obligated to provide assistance in all phases of the subject transaction, including closing. Although Guthrie executed this agreement on behalf of Reliable, it is un-clear whether the Redmond Derks Contract was ever executed by a representative of Redmond–Derks. On March 6, 1997, Mackie delivered a new intermediary agreement containing almost identical terms as the Redmond Derks Contract (the "Mackie Contract"). However, the Mackie Contract omitted reference to Redmond Derks and listed the parties as Reliable and Mackie.[1]

In July 1997, Mallory Propane Company ("Mallory") entered into negotiations with Reliable for the purchase of its assets and the purchase of Guthrie's Smith County real estate.[2] However, the discussions did not bear fruit and on August 11, 1997, notice was sent to Redmond Derks terminating the Redmond Derks contract. Following the termination of the Redmond Derks Contract, Mallory attempted to renew its previous negotiations with Reliable.

On January 20, 1998, Mackie filed for Chapter 7 relief under the Bankruptcy Code.[3] Neither the Mackie Contract nor any commission due thereunder was listed in any of Mackie's bankruptcy schedules. Further, Mackie's bankruptcy Schedule G indicates that Mackie claimed no executory contracts.

Following Mackie's bankruptcy filing, Guthrie entered into negotiations with the owner of Mallory, Stanley Mallory, individually, for the sale of Guthrie's stock in Reliable and the sale of Guthrie's home. Negotiations were successful and Guthrie and his wife executed and delivered to

---

1. In his original petition, Guthrie pleads that although his signature appears on the Mackie contract, he does not recall ever signing such an agreement.

2. While Guthrie does not seem to directly contest the implication that Mackie had a hand in bringing Reliable and Mallory together for the purposes of negotiations, Guthrie alleges in his original petition that he and Stanley Mallory had been acquaintances for many years.

3. Mackie's bankruptcy case is styled *In re: Thomas Sterling Mackie, Debtor;* Case No. 398–30556 RCM 7; in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

Stanley Mallory a contract for the sale of Reliable Stock and certain real property including approximately 8.375 acres of land, which was owned by Guthrie as his separate property. Guthrie's pleadings indicate that in connection with the sale, Guthrie agreed to indemnify and hold Mallory harmless of and from claims and causes of action that could potentially be asserted by Mackie. The sale of the real estate and Reliable stock by Guthrie to Stanley Mallory was closed on March 31, 1998.

On October 14, 1998, Mackie submitted written demand to Stanley Mallory for $40,000.00, and provided a copy to Guthrie. On November 16, 1998, Guthrie received a demand letter from an attorney acting on behalf of Mackie for $40,000.00. In response, Guthrie filed the instant lawsuit seeking a declaratory judgment determining his liability, if any, arising under the terms of the Redmond Derks Contract and/or the Mackie Contract. Guthrie asked the court to declare the Mackie Contract void, unenforceable, canceled, terminated and/or non-existent because (a) it was executed under false pretenses, (b) Mackie failed to perform pursuant to the terms of the agreement, (c) the agreement was terminated by written notice on August 18, 1997, (d) Mackie was judicially estopped from asserting the existence of any rights or claims under the terms of the Mackie Contract, and/or (e) the contract, if any, was not assumed within sixty days of the date Mackie filed Bankruptcy. Mackie filed an original answer asserting a general denial and a counterclaim against Guthrie for $40,000.00 and attorney's fees alleging that he had earned his commission upon his introduction to Reliable of Mallory, which had purchased Reliable's business for $800,000.00.

During the course of discovery, Guthrie served Mackie with requests for admission, to which Mackie failed to timely respond. Subsequently, Guthrie filed a motion for summary judgment and a no-evidence motion for summary judgment. Mackie failed to timely respond to Guthrie's motions and after a period of approximately three months, the trial court entered an order granting final summary judgment in favor of Guthrie and dismissed Mackie's counterclaim.[4]

## STANDING VERSUS CAPACITY

In his first issue, Mackie claims that the trial court erred in granting summary judgment in Guthrie's favor because Guthrie, who was not an interested party to the Mackie Contract, had no justiciable interest under the agreement. Mackie claims that Reliable, as the party to the Mackie Contract, is the only party with a justiciable interest.

■■■ "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." See *Nootsie, Ltd. v. Williamson County Appraisal District*, 925 S.W.2d 659, 661 (Tex.1996) (emphasis original). Standing is jurisdictional and can be raised for the first time on appeal. See *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993). Capacity is not jurisdictional and may be waived. See *Nootsie*, 925 S.W.2d at 662.

In his brief, Mackie argues that Guthrie has no justiciable interest. However, the sole genesis of Mackie's claim is his contention that "[Guthrie, as] a corporate stockholder[,] cannot recover damages personally for a wrong done solely to the

4. Mackie does not challenge the dismissal of   his counterclaim on appeal.

corporation, even though he may be injured by that wrong." In other words, Mackie argues that Guthrie, as an individual shareholder, was without authority to act, irrespective of whether he was aggrieved. *See Nootsie*, 925 S.W.2d at 661. Although Mackie now couches his argument, which he makes for the first time on appeal, in terms of standing, the underlying facts upon which Mackie bases his contention are inescapably related to the issue of capacity.[5] *Id.* Neither of the cases Mackie cites in his brief involve a factual scenario and procedural posture analogous to those present in the instant case.[6]

A pleading contending that the plaintiff is not entitled to recover in the capacity in which he sues is required to be verified by affidavit. *See* TEX.R. CIV. P. 93(2). Parties who do not follow the mandate of Rule 93 waive any right to complain about the matter on appeal. *See Nootsie*, 925 S.W.2d at 662. In the case at hand, Mackie's answer does not raise such a defense, nor is his answer verified by an affidavit. Thus, we conclude that irrespective of Mackie's characterization of his argument, Mackie has waived his right to raise the issue of Guthrie's capacity to bring suit because he failed to file a sworn pleading in accordance with Texas Rule of Civil Procedure 93(2). Mackie's first issue is overruled.

### STANDING

However, an appellate court may consider standing on its own motion. *See Texas Association of Business*, 852 S.W.2d at 446. When we consider the issue of standing for the first time on appeal *sua sponte*, we must construe the plaintiff's petition in his favor, and if necessary, review the entire record to determine if any evidence supports standing. *Id.* The general test for standing in Texas requires that there (1) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. *See Nootsie*, 925 S.W.2d at 662, citing *Texas Association of Business*, 852 S.W.2d at 446. A controversy is justiciable only if there exists a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). In the instant case, Guthrie's alleges in this petition that in connection with the sale of Reliable stock and real estate to Mallory, Guthrie agreed to indemnify and hold Stanley Mallory harmless of and from claims and causes of action that could potentially be asserted by Mackie. The record further reflects that on October 14, 1998, Mackie submitted written demand to Stanley Mallory for $40,000.00, and provided a copy to Guthrie. Were Mackie to file suit against Mallory and prevail, under the

---

**5.** If the issue of standing could be legitimately raised by a claim that a sole shareholder of a corporation could not bring suit on a contract entered into between that corporation and a third party, the result would render Texas Rule of Civil Procedure 93(2) useless. Rule 93(2), provides for waiver in the instance of a litigants failure to make a sworn pleading. However, Rule 93(2) could be easily bypassed because a defendant would simply be able to base its claim of lack of standing, which cannot be waived, on an argument grounded in capacity, which can be waived.

**6.** Mackie cites *J.E.M. v. Fidelity & Casualty Company of New York*, 928 S.W.2d 668 (Tex. App.—Houston [1st Dist.] 1996, no writ) and *Wingate v. Hajdik*, 795 S.W.2d 717 (Tex.1990). *Wingate* does not address the issue of standing, nor do the parties in *Wingate* make contentions related to lack of standing. *See Wingate*, 795 S.W.2d at 718–720. On the other hand, while *J.E.M.* addresses standing, it does not involve a situation wherein the defendant is contending that a corporate stockholder does not have the legal authority to bring suit on a contract between a third party and the corporation solely owned by the shareholder. *See J.E.M.*, 928 S.W.2d at 670–72.

indemnification agreement, Guthrie would be liable. Moreover, on November 16, 1998, a demand letter from an attorney acting on behalf of Mackie was sent to Guthrie personally for $40,000.00. Mackie's demands ultimately manifested themselves in Mackie's counterclaim against Guthrie. We hold that these facts constitute a real and substantial controversy involving a genuine conflict of Mackie and Guthrie's tangible interests and is not merely a theoretical dispute.

██ Next, we consider whether the controversy will be actually determined by the judicial declaration sought. *See Nootsie,* 925 S.W.2d at 662. In his petition, Guthrie asked for a judicial declaration that the Mackie Contract was void, unenforceable, canceled, terminated and/or non-existent because (a) it was executed under false pretenses, (b) Mackie failed to perform pursuant to the terms of the agreement, (c) the agreement was terminated by written notice on August 18, 1997, (d) Mackie was judicially estopped from asserting the existence of any rights or claims under the terms of the Mackie Contract, and/or (e) the contract, if any, was not assumed within sixty days of the date Mackie filed Bankruptcy. It is helpful to our analysis that Mackie filed a counterclaim which details the nature of the controversy. In his counterclaim, Mackie contends that Guthrie, as owner, president and person in control of Reliable was liable to Mackie pursuant to the terms of the Mackie Contract. Any one of the judicial determinations sought by Guthrie would have the effect of preventing Mackie's recovery under the Mackie contract. As such, we hold that the controversy between Mackie and Guthrie will be actually determined by the judicial declaration sought. Therefore, we hold that Guthrie has standing.

### SUMMARY JUDGMENT EVIDENCE

██ In his second issue, Mackie contends that the trial court erred in granting a declaratory judgment in favor of Guthrie because there was no summary judgment evidence of any agreement to which Mackie is a party. Generally, a non-movant to a motion for summary judgment who fails to respond, may not raise disputed factual issues on appeal. *See Yancy v. City of Tyler,* 836 S.W.2d 337, 341 (Tex.App.Tyler 1992, writ denied). However, the movant must still establish its entitlement to a summary judgment on the issues by conclusively proving all essential elements of its cause of action as a matter of law. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Consequently, a non-movant need not respond to the motion for summary judgment to contend on appeal that the grounds expressly presented to the trial court by the motion are insufficient as a matter of law to support summary judgment. *Id.* Mackie divides his second issue into four separate sub-issues making "no evidence" legal sufficiency challenges to the trial court's findings. Each of Mackie's sub-issues will be addressed individually below.

Mackie first argues that there was no pleading or proof of any agreement between Mackie and Guthrie in Guthrie's individual capacity. Mackie reiterates the distinction between Guthrie individually and Reliable, arguing that it was erroneous for the trial court to find that there was an agreement between Mackie and Guthrie "suitable for a declaratory judgment." Mackie's argument simply rehashes the same contention raised in his first issue, which we have held was waived by Mackie's failure to properly raise this issue by verified pleadings pursuant to Texas Rule of Civil Procedure 93(2).

Mackie next argues that the trial court's finding of any agreement involving Mackie is erroneous because Guthrie failed to make the Mackie Contract part of the summary judgment record. However, in its order granting final summary judgment, the trial court specifically found that "the summary judgment evidence supports and establishes as a matter of law that the contract (if any existed) between Plaintiff and Defendant was terminated by written notice on or about August 18, 1997...." Thus, the trial court did not make a finding that there was a contract. Rather, the trial court found that the existence of a contract was immaterial because if indeed a contract did exist, it was subsequently terminated.

■ Mackie further contends the trial court's finding that the agreement between Plaintiff and Defendant was terminated by written notice on or about August 18, 1997 is unsupported by any competent summary judgment evidence. Mackie's basis for his contention are twofold. First, Mackie reiterates his argument that there was no contract with Guthrie in his individual capacity. We reiterate that Mackie has waived this issue on appeal. *See* TEX.R. CI.P. 93(2). Second, Mackie contends that the written notice referred to by Guthrie is not attached as an exhibit to his affidavit and that Guthrie's statement that the agreements were "terminated" is a legal conclusion that will not support summary judgment. However, there is evidence that "any agreement between Mackie and Guthrie or between Mackie and Reliable was terminated by written notice on or about August 18, 1997." Such evidence took the form of a deemed admission, which is competent summary judgment evidence. *See* TEX.R. CIV. P. 166a(c). Thus, despite the fact that no written notice of termination was attached to Guthrie's affidavit, there existed competent summary judgment evidence to support the trial court's finding on this issue.

■ Mackie finally contends that there is no competent summary judgment evidence concerning what effect, if any, Mackie's bankruptcy had on Guthrie's (or Reliable's) rights in this case. However, the trial court did not make specific findings with regard to the effect, if any, Mackie's bankruptcy had on the party's rights in this case. Rather, the only finding the trial court made apparently relating to Mackie's bankruptcy was that the agreement between Guthrie and Mackie "(if any existed) was not assumed within sixty (60) days of the date [Mackie] filed his petition in bankruptcy." *See, e.g.,* 11 U.S.C. § 365(g) (West Supp.2001). Our review of the summary judgment evidence indicates that there is a deemed admission that "Mackie did not assume any agreement with [Reliable] or Guthrie within the time required by 11 U.S.C. § 365(d)(1)." We conclude that the trial court's finding related to the Mackie's bankruptcy is supported by uncontroverted evidence, and inasmuch as the trial court made no finding with regard to the effect of Mackie's bankruptcy, the absence of evidence on such an issue is irrelevant. Therefore, Mackie's final contention on this issue is without merit and Mackie's second issue is overruled.

### ATTORNEY'S FEES

In his third issue, Mackie claims that the trial court erred in awarding attorney's fees to Guthrie because Guthrie had no justiciable interest, and thus, was not entitled to a declaratory judgment. As set forth above, Mackie has waived this issue on appeal. *See* TEX.R. CIV. P. 93(2). Mackie's third issue is overruled. Further, having reviewed the issue of standing *sua sponte,* we concluded that Guthrie does have standing.

Accordingly, the judgment of the trial court is *affirmed.*