Appellant’s Motion for Rehearing Denied; Affirmed in Part, Reversed and
Remanded in Part, and Supplemental Opinion on Rehearin















Appellant’s
Motion for Rehearing Denied; Affirmed in Part,
Reversed and Remanded in Part, and Supplemental Opinion on Rehearing filed October 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-00-00569-CV

_______________

 

MICHAEL T.
WILLIS, FRANCIE WILLIS, WILLIS HITE ENTERPRISES, INC.,

and URBAN RETREAT OF HOUSTON,
INC., Appellants

 

V.

 

DAN DONNELLY, Appellee and Cross-Appellant

 

V.

 

MICHAEL T.
WILLIS, Cross-Appellee

________________________________________________________________________

 

On Appeal from
the 157th District Court

Harris County, Texas

Trial Court
Cause No. 95-36693

________________________________________________________________________

 

S U P P L E M E N T A L   O P I N I O N   O N   R E H E A R I N G

 

            Michael T. Willis, Francie Willis, Willis Hite Enterprises, Inc., and Urban
Retreat of Houston, Inc., have filed a motion for rehearing and motion for
rehearing en banc from our opinion. 
While we change nothing in our opinion or disposition of the appeal, we
supplement the opinion to address three issues raised in the motion for
rehearing.  The motion for rehearing is
denied. 

 

                                                               Ratification

            In issue eight of their motion for
rehearing, appellants contend ratification by Michael and Francie
Willis must also conform to requirements of the statute of frauds because the
Letter Agreement was subject to the statute of frauds.  This issue is raised for the first time in
the motion for rehearing.  An assignment
of error raised for the first time in a motion for rehearing is too late to be
considered.  Lee v. Lee, 47 S.W.3d 767, 799 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied).  Originally, appellants argued in their
ratification issue that a jury finding on both ratification and breach of
contract was necessary as to Mike and Francie
Willis.  They did not argue statute of
frauds under their ratification issue.[1]  The sole purpose of a motion for rehearing is
to provide the court an opportunity to correct any errors on issues already
presented.  Phifer v. Nacogdoches County Cent. Appraisal Dist., 45 S.W.3d 159, 166 (Tex.
App.—Tyler 2000, pet. denied).  Because this
issue is raised for the first time in appellant’s motion for rehearing, we do
not address it.

                                                Standing
Versus Capacity

            In issue seven of their motion for
rehearing, appellants contend that Donnelly lacks standing to sue for Urban
Retreat’s damages.  Appellants confuse
“capacity,” which has been waived, with “standing,” which we addressed in our
original opinion.

            “A plaintiff has standing when it is personally
aggrieved, regardless of whether it is acting with legal authority.”  Nootsie, Ltd. v. Williamson County Appraisal Dist.,
925 S.W.2d 659, 661 (Tex. 1996).  In contrast,
“a party has capacity when it has the
legal authority to act, regardless of whether it has a justiciable
interest in the controversy.”  Id.  Standing is jurisdictional and cannot be
waived, but capacity may be waived.  Tex. Ass’n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  Whether a stockholder may recover
damages personally for a wrong done to the corporation is an argument about
capacity—that is, whether the stockholder has legal authority.  Mackie
v. Guthrie, 78 S.W.3d 462, 465-66 (Tex. App.—Tyler 2001, pet. denied).  It is improper for an appellant to couch such
an argument in terms of standing.  Id. at 466.

            Further, to challenge capacity, a
party must file a verified denial.  See Tex.
R. Civ. P.  93(2); see
also Pledger v. Schoellkopf,
762 S.W.2d 145, 146 (Tex.
1989).  If Rule 93 is not followed, the
issue of capacity is waived on appeal.  Nootsie, 925 S.W.2d at 662.  In
this case, appellants did not file a verified denial of Donnelly’s capacity to
recover Urban Retreat’s damages.

                                             Remand
of Limitations Issue

            In their tenth issue, appellants
contend we must reverse and remand the limitations issue because we reversed
and remanded breach of contract and damages questions.  Texas Rule of Appellate Procedure 44.1
permits an appellate court to reverse those portions of a matter in controversy
that are affected by the error.  The rule
prohibits a separate trial solely on unliquidated
damages if liability is contested.  Tex. R. App. P. 44.1(b).  In this case, the trial court erroneously
submitted the wrong measure of damages for breach of contract.  Because liability was contested, we reversed
and remanded not only the damages question, but also questions about breach of
contract, ratification, waiver, and percentages of ownership in the
corporations.  We did not reverse and
remand the contract statute of limitations issue.  

            Accrual of the statute of
limitations is a question of law.  Moreno v. Sterling Drug, Inc., 787
S.W.2d 348, 351 (Tex. 1990); Waxler v. Household Credit Servs., Inc., 106 S.W.3d
277, 279 (Tex.
App.—Dallas 2003, no pet.).  Appellants
assigned error to the jury’s rejection of the statute of limitations,
contending that suit was barred as a matter of law.  We concluded that the cause of action for
breach of contract accrued within four years of suit.  On remand, questions of law answered by an
appellate court are considered law of the case. 
See Briscoe v. Goodmark,
Corp., 102 S.W.3d 714, 716 (Tex.
2003).  As there is no issue to relitigate upon remand, we decline to reverse and remand
the limitations issue. 

            Finding it unnecessary to write
regarding the remaining seven points in their motion, we deny appellant’s
motion for rehearing.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Supplemental
Opinion on Rehearing filed October
 30, 2003.

Panel consists of Justices Yates,
Seymore, and Guzman.

 

 











            [1]  A brief survey of the law after the motion for
rehearing was filed uncovered divergence in whether jurisdictions require
ratification to conform with the statute of
frauds.  The case law cited in the motion
for rehearing was not urged in the appellate briefing, further demonstrating
that the issue is newly raised in the motion for rehearing.