Opinion issued August 19, 2010

                                                                        

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00696-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RICHARD ALAN HAASE, Appellant

 

V.

 

GIM RESOURCES, INC. AND CHRIS BLOCH, Appellees

 

 



On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 08-DCV-165688

 

 



MEMORANDUM OPINION ON REHEARING

          In
this suit for fraud, negligent misrepresentation and professional malpractice,
the trial court denied Richard Haase’s motion to compel production of documents
and granted summary judgment in favor of Chris Bloch and GIM Resources, Inc.
(collectively, GIM).  On appeal, Haase
contends that (1) fact issues exist, and (2) the trial court should have
granted Haase’s motion to compel and performed an in camera review of any responsive
documents.  We withdraw our opinion and
judgment dated May 6, 2010 and issue this opinion in its stead to address an
argument GIM advances in its motion for rehearing.  Our disposition of the case is unchanged.  We hold that Haase failed to demonstrate that
the trial court’s discovery ruling probably caused the rendition of an improper
judgment.  We uphold the summary judgment
on Haase’s negligence, negligent misrepresentation, and professional
malpractice claims because Haase did not raise any evidence showing that GIM
owes him a legal duty.  However, because legal
duty is not an element of fraud and GIM did not present additional summary
judgment grounds to rebut Haase’s fraud claim, we reverse that part of the
judgment and remand that claim to the trial court for further proceedings.

Background

In January 2008, Haase, the president
and CEO of Clear Value, Inc., met with Element Markets and Chris Bloch,
president of GIM, to discuss the possibility of Element Markets investing in the
development and production of Haase’s water combustion technology.  Element Markets hired Bloch as a “consulting
expert” to evaluate Haase’s technology and provide a recommendation regarding
investment.  At this meeting, Bloch
represented that he was an “expert in the art of combustion and of combustion
science” and agreed to provide documentation of his expertise prior to reviewing
Haase’s technology.  Bloch also agreed
that if he had any questions about the technology he would confer with Haase
and his technical staff.  Bloch never
provided Haase with any documentation regarding his expertise.

In arriving at his conclusions and
recommendation, Bloch reviewed Haase’s United States patent application for the
technology.  Bloch’s report to Element
Markets described Haase’s technology, the problems with the technology, and the
non-feasibility of combining the technology with current engine designs.  Bloch recommended to Element Markets that it
not invest in the technology.  After
Element Markets ended investment negotiations with Haase and Clear Value, Haase
sued GIM for fraud and negligence.  Haase
alleged that Bloch’s report (1) made disparaging remarks about the technology,
(2) did not contain confirmation of Bloch’s expertise in combustion and
combustion science, and (3) did not “fully reference” Haase’s patent
application.  As a result, Haase alleged
that he could not determine if Bloch had properly reviewed the patent application
to form his opinions about the technology. 
In addition to the loss of Element Markets’ investment, Haase contended
that if Bloch had “properly referenced” the report, he would have been able to
present Bloch’s report to the Patent and Trademark Office (PTO) as “very good
evidence of non-obviousness of the inventions.”[1]

Haase alleged that GIM committed
common-law fraud by misrepresenting Bloch’s skill in the field of combustion
and combustion science.  Haase also alleged
that GIM was negligent by not (1) properly reviewing Haase’s patent
application, (2) properly interpreting the application, (3) referencing the application
in the report, and (4) referencing Block’s skill in combustion in the
report.  With his original petition,
Haase also served requests for disclosure and production of documents.  GIM did not produce any documents in response
to the requests for production.  Haase
initially requested production of twenty-three categories of documents.  In response, GIM raised the attorney-client
privilege as grounds for objection to nine categories, and the work product
privilege as grounds for objection to two categories.  For thirteen categories, GIM objected on the
grounds that Haase’s requests were overbroad, unduly burdensome, and not
reasonably calculated to lead to the discovery of admissible evidence.

Haase moved to compel production of
nine categories of documents.[2]  In his motion to compel, Haase stated GIM’s
objections to each request and his contentions for why each request was
proper.  Haase repeatedly stated that he
was not seeking any documents protected by the attorney-client or work product
privileges, and he only sought documents within GIM’s control and that would
not be overly broad or burdensome to produce. 
Haase prefaced six of his responses with the statement that “[t]his is a
negligence lawsuit.”  The trial court
denied Haase’s motion to compel.

GIM moved for traditional and
no-evidence summary judgment.  GIM
contended that, although Haase sued for both negligence and common law fraud,
Haase judicially admitted that his suit was only for negligence by stating in
his motion to compel that “[t]his is a negligence lawsuit.”  According to GIM, Haase’s negligence claim
failed because GIM and Haase were not in privity of contract and GIM owed Haase
no legal duty.  Aside from contending
that Haase’s statements in his motion to compel constituted judicial admissions
that the suit was only for negligence, GIM did not address Haase’s fraud claim.

After GIM moved for summary judgment,
Haase amended his petition to add claims for negligent misrepresentation and
professional malpractice.  In his summary
judgment response, Haase contended that the most important factor in
determining whether a defendant owes a legal duty is foreseeability of the harm,
and it was foreseeable that GIM’s false information and misrepresentations in
the report to Element Markets would affect Haase’s business dealings and the
likelihood that the PTO would issue a patent for Haase’s technology.  Haase attached his own affidavit, plus
declarations made by Chester Vaughan and Colin Walker, an expert and one of
ordinary skill in combustion science, respectively, who opined for the purpose
of Haase’s patent application that the technology “answers a long felt need of
humanity” to raise a fact issue on whether GIM acted in a reasonably prudent
manner in reviewing and reporting on Haase’s technology.

In reply, GIM contended that Haase
lacked standing to file suit in his individual capacity because the injuries
that Haase alleged were suffered by his corporation, Clear Value, and not by Haase
individually.  GIM argued that only the
corporation can sue for damage to its property, and Haase, as a shareholder of
Clear Value, cannot bring an independent cause of action for harm suffered by
the corporation.

In response, Haase contended that the
technology at issue was owned by Haase himself and not Clear Value.  Haase pointed to the patent application and a
previous patent issued by Great Britain, neither of which indicates an
assignment of ownership in the technology from Haase to Clear Value or any
other corporation.  Haase also contended
that he was a necessary part of any business discussions between Clear Value
and Element Markets, and Clear Value “would only have been a commercialization
vehicle for Plaintiff’s [t]echnology.”

The trial court granted GIM’s summary
judgment motion “on all claims asserted by [Haase].”

Discussion

Standard of Review

We review de novo the trial court’s
ruling on a motion for summary judgment. 
Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  In a traditional motion for summary judgment,
the movant must establish that no genuine issue of material fact exists and the
movant is thus entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c).  A genuine
issue of material fact exists if the non-movant produces more than a scintilla
of probative evidence regarding the challenged element.  See
Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); see also Forbes Inc. v. Granada Biosciences,
Inc., 124 S.W.3d 167, 172 (Tex. 2003) (“More than a scintilla of evidence
exists if it would allow reasonable and fair minded people to differ in their
conclusions.”).  We examine the evidence
in the light most favorable to the non-movant and we indulge all reasonable
inferences and resolve all doubts in the non-movant’s favor.  See
Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 756 (Tex. 2007)
(per curiam).

Capacity to Sue

          GIM
contends that Haase’s summary judgment evidence conclusively establishes that Haase
was acting in his capacity as president and CEO of Clear Value when he negotiated
with Element Markets, and thus he lacks standing to sue in his individual
capacity.  Standing and capacity to sue
are related but distinct legal concepts: 
“[a] plaintiff has standing
when it is personally aggrieved, regardless of whether it is acting with legal
authority; a party has capacity when
it has the legal authority to act, regardless of whether it has a justiciable
interest in the controversy.”  Nootsie, Ltd. v. Williamson County Appraisal
Dist., 925 S.W.2d 659, 661 (Tex. 1996). 
Standing is a component of subject matter jurisdiction and can never be
waived.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443,
446 (Tex. 1993).  In contrast, “an
argument that an opposing party does not have the capacity to participate in a
suit can be waived.”  Nootsie, Ltd., 925 S.W.2d at 662.  A challenge to who owns a particular claim
raises the issue of capacity, not standing. 
Prostok v. Browning, 112
S.W.3d 876, 921 (Tex. App.—Dallas 2003), rev’d
in part on other grounds, 165 S.W.3d 336 (Tex. 2005).  Although GIM frames its contention as a lack
of standing, the basis of its complaint is that Haase, in negotiations with
Element Markets, was acting in his capacity as president and CEO of Clear
Value, and Clear Value owned the technology at issue.  GIM contends that Haase, as a shareholder of
Clear Value, cannot personally recover damages for wrongs done to the
corporation, and therefore lacks the authority to bring this suit.  GIM challenges Haase’s authority to sue in
his individual capacity, it does not challenge whether he has been personally
aggrieved by GIM’s alleged conduct.  This
challenge, therefore, is appropriately one of capacity, not standing.  See
Mackie v. Guthrie, 78 S.W.3d 462, 465–66 (Tex. App.—Tyler 2001, pet.
denied) (“In other words, Mackie argues that Guthrie, as an individual
shareholder, was without authority to act, irrespective of whether he was
aggrieved. . . . [T]he underlying facts upon which Mackie
bases his contention are inescapably related to the issue of capacity.”).

          Rule
93 of the Texas Rules of Civil Procedure requires that pleadings asserting
certain defenses be verified by affidavit “unless the truth of such matters
appear[s] of record.”  Tex. R. Civ. P. 93.  A party must file a verified pleading when
arguing that the plaintiff does not have the legal capacity to sue or that the
plaintiff cannot recover in the capacity in which he sues.  Id.
93(1)–(2); Sixth RMA Partners, LP v.
Sibley, 111 S.W.3d 46, 56 (Tex. 2003) (“When capacity is contested, Rule 93
requires that a verified plea be filed unless the truth of the matter appears
of record.”); Pledger v. Schoellkopf,
762 S.W.2d 145, 146 (Tex. 1988) (per curiam) (“Rule 93(2) requires that a
verified plea be filed anytime the record does not affirmatively demonstrate
the plaintiff’s or defendant’s right to bring suit or be sued in whatever capacity he is suing.”).  The Texas Supreme Court has “not hesitated in
previous cases to hold that parties who do not follow Rule 93’s mandate waive
any right to complain about the matter on appeal.”  Nootsie,
Ltd., 925 S.W.2d at 662; see also
Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams, 875 S.W.2d 784,
787 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (“A party who fails to
raise the issue of capacity through a verified plea waives that issue at trial
and on appeal.”).

Here, GIM raised the issue of Haase’s
capacity to sue in its unverified summary judgment reply.  A party may properly raise the issue of
capacity in an unverified pleading if “the truth of such matters appear[s] of
record.”  Tex. R. Civ. P. 93.  For
example, the Dallas Court of Appeals recently held that an unverified
supplemental answer properly raised the question of a party’s individual
liability when the “unambiguous language” of a settlement agreement included in
the summary judgment record demonstrated that the party did not assume personal
liability.  Investin.com Corp. v. Europa Int’l, Ltd., 293 S.W.3d 819, 825 (Tex.
App.—Dallas 2009, pet. denied).  Because
the “matter of Brigg’s capacity appears of record in the summary judgment
evidence,” the Dallas Court did not require verification of the supplemental
answer as a prerequisite to addressing the capacity question on appeal.  Id.;
see also Cantu v. Holiday Inns, Inc.,
910 S.W.2d 113, 117 (Tex. App.—Corpus Christi 1995, writ denied) (“[We] hold
that if the asserted defect in parties appears of record in the summary
judgment evidence in the case at bar, no verification is necessary.”).

In contrast to both Investin.com and Cantu, the summary judgment record here does not contain
uncontroverted evidence that Clear Value owned Haase’s technology or that GIM’s
actions solely injured Clear Value and not Haase individually.  In response to GIM’s summary judgment reply,
in which it first raised the issue of capacity, Haase stated that he was not
suing in the capacity of a shareholder of Clear Value, and he contended that
he, and not Clear Value, owned the technology. 
Haase attached excerpts from his International and United States patent
applications and his Great Britain patent, none of which reflected an
assignment of the ownership of the technology from Haase to Clear Value.  In his affidavit, Haase averred that Clear
Value had no ownership interest in the technology, and because Haase solely
owns the technology, all “business arrangements” and negotiations involving the
use of and investments in the technology must involve Haase.  We hold that the summary judgment record does
not establish that Haase lacks capacity.  As a result, we do not consider GIM’s capacity
argument on appeal.  See Nootsie, Ltd., 925 S.W.2d at 662.

Legal Duty

Haase contends that GIM owed him a legal
duty in its reporting on his technology for Element Markets; GIM breached this
duty by (1) misrepresenting information about the technology in its report
to Element Markets, (2) not adequately reviewing Haase’s technology, and
(3) failing to demonstrate Bloch’s skill in the field of combustion.  Although Haase labeled his causes of action
as separate claims for negligence and negligent misrepresentation, he complains
solely of GIM’s conduct in preparing a report on Haase’s technology at the
request and for the benefit of a third party, Element Markets.  Haase therefore alleges a claim for negligent
misrepresentation.  See Farmers Tex. County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 83
(Tex. 1997).

A party may be liable for negligent
misrepresentation if:  (1) the defendant
makes the representation in the course of his business, or in a transaction in
which he has a pecuniary interest; (2) the defendant supplies “false
information” for the guidance of others in their business; (3) the defendant
did not exercise reasonable care or competence in obtaining or communicating
the information; and (4) the plaintiff suffers pecuniary loss by justifiably
relying on the representation.  Fed. Land Bank Ass’n of Tyler v. Sloane,
825 S.W.2d 439, 442 (Tex. 1991); see also
Restatement (Second) of Torts
§ 552 (1977); McCamish, Martin,
Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 791 (Tex.
1999) (acknowledging the application of section 552 to other professionals and
extending the application to attorneys). 
Liability for negligent misrepresentation is “based upon the professional’s
manifest awareness of the nonclient’s reliance on the misrepresentation and the
professional’s intention that the nonclient so rely.”  McCamish,
991 S.W.2d at 792, 794 (“This formulation limits liability to situations in
which the attorney who provides the information is aware of the nonclient and
intends that the nonclient rely on the information.”).

Here, Element Markets hired GIM to
evaluate Haase’s technology and recommend whether Element Markets should invest
in the technology.  GIM conducted the
review and report solely for Element Markets’ benefit to provide guidance on
investing.  Haase does not contend that
GIM intended for him to rely on the report or knew that Element Markets would
supply the information to Haase for his benefit or guidance.  In this circumstance, we hold that Haase fails
to raise a fact issue whether GIM owed Haase any legal duty.  See id.

On appeal, Haase further contends
that he and GIM were in privity due to a verbal agreement formed at their
meeting with Element Markets, but does not describe its terms.  In his trial court affidavit, Haase averred
that at the meeting, “Mr. Bloch represented to [Haase] that he was one of
expert skill in the art of combustion and of combustion science and that he
would provide [Haase] documentation as to his level of skill.”  Haase also stated that Bloch agreed “that if
he had any issue with or understanding of the technology within [Haase’s patent
application] that he would conference with technical personnel with whom
[Haase] works.”  These statements do not
establish that an enforceable verbal contract existed between the parties.  See
Williams v. Unifund CCR Partners, 264 S.W.3d 231, 236 (Tex. App.—Houston
[1st Dist.] 2008, no pet.) (stating necessary elements to form a binding
contract).  Because Haase does not
establish that an enforceable contract existed between the parties, no contractual
duty to Haase arose in evaluating the technology.

Fraud

The trial court granted final summary
judgment on all of Haase’s claims.  A
summary judgment motion must “stand or fall on the grounds expressly presented
in the motion.”  McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993); Tex. R. Civ. P. 166a(c)
(“The motion for summary judgment shall state the specific grounds therefor.”).  If summary judgment on one claim is proper,
but the summary judgment order grants more relief than the movant requests, we
must remand the claims not addressed in the summary judgment motion.  See
Bandera Elec. Coop. v. Gilchrist, 946 S.W.2d 336, 336 (Tex. 1997) (per
curiam); Postive Feed, Inc. v. Guthmann,
4 S.W.3d 879, 881 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (“When, as
here, a trial court grants more relief by summary judgment than requested, by
disposing of issues never presented to it, the interests of judicial economy
demand that we reverse and remand as to those issues, but address the merits of
the properly presented claims.”).

Although the motion for summary
judgment mentions fraud in the introduction, it does not list the elements of
fraud or move for summary judgment on one of them.  See Tex. R. Civ. P. 166a(i) (“The motion
must state the elements as to which there is no evidence.”); Thomas v. Omar Invs., Inc., 156 S.W.3d
681, 685 (Tex. App.—Dallas 2005, no pet.) (“In a no-evidence motion for summary
judgment, the movant must specifically state which elements of the nonmovant’s
claims lack supporting evidence.”).  On
rehearing, GIM argues that summary judgment is proper on the fraud claim for
the same reason it was granted on the negligence claim—that GIM had no duty to
Haase.  But legal duty is not an element
of fraud based on intentional misrepresentation.  See
Aquaplex, Inc. v. Rancho La Valencia, Inc., 297 S.W.3d 768, 774 (Tex. 2009)
(“The elements of fraud are:  (1) that a
material misrepresentation was made; (2) the representation was false;
(3) when the representation was made, the speaker knew it was false or
made it recklessly without any knowledge of the truth and as a positive
assertion; (4) the speaker made the representation with the intent that the
other party should act upon it; (5) the party acted in reliance on the
representation; and (6) the party thereby suffered injury.” (quoting In re FirstMerit Bank, N.A., 52 S.W.3d
749, 758 (Tex. 2001))).  To the extent
GIM contends that legal duty is subsumed within the justifiable reliance
element of fraud, GIM did not present this argument to the trial court in its
summary judgment motion, and thus cannot raise it for the first time on rehearing.  See
Tex. R. Civ. P. 166a(c) (“The
motion for summary judgment shall state the specific grounds therefor.”).  We therefore remand the fraud claim.  See
Bandera Elec. Coop., 946 S.W.2d at 336.

GIM responds that Haase judicially
admitted that this lawsuit is only for negligence because he stated “[t]his is
a negligence lawsuit” in six responses in his motion to compel and by repeated
it in his appellate brief.  Yet, Haase
pleaded fraud, negligent misrepresentation, and professional malpractice claims
in his first amended petition.

In his summary judgment response,
Haase disputes GIM’s contention that this is only a suit for negligence,
pointing out that his original petition included claims for negligence and
fraud, and his amended petition added claims for negligent misrepresentation
and professional malpractice.  Although,
in his appellate brief, Haase included the responses from his motion to compel,
he also contended that the trial court improperly granted summary judgment
because GIM’s summary judgment motion did not address his fraud and negligent
misrepresentation claims.  Haase did not
unequivocally state that this is a negligence suit only; rather, he continually
has asserted causes of action in addition to negligence.  Mendoza
v. Fid. & Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex.
1980) (stating that a judicial admission is a “formal waiver of proof usually
found in pleadings or the stipulations of the
parties. . . . [It] is conclusive upon the party making it,
and it relieves the opposing party’s burden of proving the admitted fact, and bars
the admitting party from disputing it.”); Regency
Advantage Ltd. v. Bingo Idea-Watauga, 936 S.W.2d 275, 278 (Tex. 1996) (per
curiam) (“A judicial admission must be a clear, deliberate, and unequivocal
statement.”).  Accordingly, we conclude
that Haase’s statements that “this is a negligence suit” do not constitute
judicial admissions limiting his causes of action solely to negligence.

Motion to Compel Discovery

          Finally,
Haase contends that the trial court erred by (1) denying his motion to compel
and (2) failing to review in camera any responsive documents.  We review a trial court’s discovery rulings
for abuse of discretion.  Austin v. Countrywide Homes Loans, 261
S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); In re Colonial Pipeline Co., 968 S.W.2d
938, 941 (Tex. 1998) (orig. proceeding). 
A trial court abuses its discretion if it “issues a discovery order that
is arbitrary and unreasonable, or without reference to guiding rules and
principles.”  In re BP Prods. N. Am., Inc., 263 S.W.3d 106, 111 (Tex. App.—Houston
[1st Dist.] 2006, orig. proceeding).  To
reverse a trial court’s ruling on a motion to compel, the appellant must
demonstrate not only that the trial court abused its discretion, but that the
erroneous discovery order probably caused the rendition of an improper
judgment.  See Tex. R. App. P.
44.1(a); Austin, 261 S.W.3d at 75.

          Haase
moved to compel production of nine categories of documents.  GIM objected to eight of those requests on
the grounds that the requests were overbroad, unreasonably burdensome, not
reasonably calculated to lead to admissible evidence, and sought information
outside the permissible scope of discovery. 
GIM also objected to Haase’s request for any books, documents, or other
tangible things that may be introduced at trial on work product grounds, and
objected to Haase’s request for documents or tangible evidence of conversations
with Haase on attorney-client privilege grounds.  GIM objected to Haase’s request for published
treatises, periodicals, or pamphlets claimed by GIM to be reliable authority
solely on attorney-client and work product grounds.  In response to the requests for documentation
regarding conversations with Haase and for treatises or periodicals, GIM
responded that no responsive documents existed. 
Although Haase requested a hearing on GIM’s objections, he did not
request a “privilege log” or an in camera inspection of all withheld
documents.  See Tex. R. Civ. P.
193.3(b).  In its order denying Haase’s
motion to compel, the trial court denied the motion “upon the express findings
that the responses of Defendants are adequate” and sustained all of GIM’s
objections.

          On
appeal, Haase does not contend that GIM possessed specific responsive documents
and yet failed to disclose these documents. 
See Austin, 261 S.W.3d at 75
(upholding denial of motion to compel when movant did not specify undisclosed
responsive documents or how these documents were relevant).  In its summary judgment motion and reply, GIM
presented two grounds for granting summary judgment:  lack of duty and lack of capacity to
sue.  Haase does not contend that the
documents sought in his motion to compel are relevant to the determination of
either of these two issues.  Thus, Haase
fails to demonstrate that the trial court’s denial of the motion to compel
probably caused the court to improperly grant summary judgment in favor of GIM.  See
Tex. R. App. P. 44.1(a); Austin, 261 S.W.3d at 75.

Conclusion

Haase’s inability to sue GIM in his
individual capacity was not raised in a verified pleading, nor established in
the summary judgment evidence; thus, we do not address it on appeal.  We hold that Haase did not produce evidence that
GIM owed him a legal duty in its review of Haase’s technology for Element
Markets.  Further, Haase did not
establish that the trial court’s denial of his motion to compel production
probably caused the rendition of an improper judgment.  The trial court therefore correctly granted
summary judgment on Haase’s claims for negligence, negligent misrepresentation,
and professional malpractice.  Because
GIM only asserted capacity and lack of a legal duty as grounds for summary
judgment, and legal duty is not an element of fraud, we reverse the part of the
judgment on that claim and remand to the trial court for further proceedings.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.











[1] The PTO subsequently denied Haase’s patent
application for the water combustion technology, primarily on grounds that the
technology was “obvious.”  See 35 U.S.C. § 103(a) (2006).

 





[2] Specifically, Haase sought to compel
production of:  (1) all diaries, logs,
calendars, or other notes concerning the intellectual property that is the
basis of the suit; (2) all correspondence, communications, or transactions
relating to the intellectual property; (3) all books, documents, or tangible
things that have a bearing on the suit and may be introduced at trial; (4) all
published treatises, periodicals, and pamphlets claimed to be reliable
authority; (5) all documents and tangible evidence of any conversations with
Haase; (6) transcript showing Block’s secondary education and degree; (7) a
complete work history; (8) any and all publications; and (9) Block’s up-to-date
resumé and curriculum vitae.