# NO. 12-24-00038-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BREANNA MARIE HARTIN,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *PHILADELPHIA INDEMNITY INSURANCE COMPANY,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Breanna Marie Hartin filed this restricted appeal from the trial court's order granting summary judgment in favor of Appellee, Philadelphia Indemnity Insurance Company (Philadelphia).  In two issues, Hartin argues that she did not receive notice of the submission of Philadelphia's motion for summary judgment and challenges the legal sufficiency of the evidence supporting the award of compensatory damages in the amount of $27,985.98 to Philadelphia.  We affirm.

## BACKGROUND

A vehicle driven by Hartin collided with a vehicle owned by Philadelphia's insured, Gamma Healthcare, Inc. (Gamma).  Philadelphia filed a lawsuit against Hartin for negligence, asserting that Hartin disregarded a stop sign and was found "to be the sole cause" of the accident.  Philadelphia asserted that Hartin's "purported insurance carrier" refused coverage and pleaded that Hartin received a citation for driving without a license, disregarding a stop sign, and displaying an expired vehicle registration.  Philadelphia alleged that it paid damages to Gamma under the terms

of Gamma's policy, thereby subrogating Philadelphia to Gamma's right of recovery. Philadelphia contended that it incurred damages as follows: (1) $19,136.75 for repair and/or replacement costs, (2) $7,523.38 for the difference between the value of the insured's vehicle before the accident versus its value after the accident, and (3) $1,325.85 for salvage services, for a total of $27,985.98. Philadelphia further sought to recover its attorney's fees.[1] Acting pro se, Hartin filed an answer, in which she simply asserted that she lacks the ability "to pay off such a large debt[.]"

Philadelphia served interrogatories, requests for production, and requests for admissions upon Hartin electronically.[2] The clerk's record reflects that Hartin opened the email containing the discovery requests, but she did not respond to the requests for admissions or any of Philadelphia's other discovery requests.[3] Philadelphia filed a traditional motion for summary judgment, in which it argued that liability and damages were established by both (1) Hartin's deemed admissions and (2) the exhibits attached to the affidavit of its authorized representative, Theresa Baker. Philadelphia attached numerous exhibits as summary judgment evidence. The supplemental clerk's record, which was filed with this Court after Appellant filed her brief, contains a notice of submission signed by Philadelphia's counsel, stating that the motion for final summary judgment would be submitted to the trial court on August 23, 2023, at 9:30 a.m. and would be "ruled upon without the necessity of an oral hearing, unless one is requested in writing by you." The certificate of service on said notice of submission indicates that Philadelphia's counsel served it on Hartin via certified mail, return receipt requested, as well as by electronic service to the email address she provided in her answer, on July 6, 2023. On September 11, 2023, the trial court signed an order granting Philadelphia's motion for final summary judgment and awarding Philadelphia $27,985.98 for compensatory damages, attorney's fees of $1,500, pre-judgment interest, post-judgment interest, and court costs. This restricted appeal followed.

---

[1] Philadelphia attached numerous documents to its petition, including an affidavit from its authorized representative, the investigating officer's crash report, logs of payments Philadelphia made to Gamma regarding the accident, an estimate for repairing and replacing the damaged portable X-ray machine, and photographs of the vehicle and the X-ray machine after the accident.

[2] The supplemental clerk's record contains a certificate of written discovery, in which Philadelphia's counsel certified that he served the requests for production, request for admissions, and interrogatories to Hartin by both e-service and certified mail.

[3] In this appeal, Hartin does not argue that she did not receive Philadelphia's requests for admissions. The record indicates that Hartin did not seek to withdraw the admissions in the trial court.

As mentioned above, Hartin argues that she did not receive notice of the submission of Philadelphia's motion for summary judgment and challenges the legal sufficiency of the evidence supporting the award of compensatory damages in the amount of $27,985.98 to Philadelphia. Specifically, Hartin contends the clerk's record does not indicate that she received notice, and she maintains that the only evidence supporting the award of damages to Philadelphia was Baker's "conclusory" affidavit.

## Standard of Review

"A restricted appeal is a direct attack on a judgment." *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To prevail on a restricted appeal, a party must show that (1) she filed notice of the restricted appeal within six months after the trial court signed the judgment; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 30. An appellant who demonstrates the first three requirements establishes the appellate court's jurisdiction; however, the inquiry does not end there. *Ex parte E.H.*, 602 S.W.3d at 495, 497. The requirement that error be apparent on the face of the record goes to the merits of the appeal and is not jurisdictional. *Id*. Accordingly, an appellant who satisfies the first three requirements "must then establish error from the face of the record to prevail in the restricted appeal." *Id*.

Review by restricted appeal affords a review of the entire case, as in an ordinary appeal, and the only limitation is the aforementioned requirement that any error must appear on the face of the record. *Norman Commc'ns, Inc. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The face of the record includes all papers on file with the court when it rendered judgment. *Roventini*, 111 S.W.3d at 721-22; *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 794 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (op. on reh'g).

## Notice

The parties apparently agree that Hartin meets the first three criteria for a restricted appeal. *See* TEX. R. APP. P. 30; *Alexander*, 134 S.W.3d at 848. As to the fourth requirement, Hartin asserts

that error appears on the face of the record because the clerk's record does not reflect that she received notice that the case would be submitted for a ruling on Philadelphia's motion for summary judgment on August 23, 2023. In response, Philadelphia asserts that the record reflects that Hartin was served with the notice of submission of its motion for final summary judgment on July 6, 2023.

When a party certifies that its notice of submission was properly served on another party, a rebuttable presumption arises that the notice was received. *See* TEX. R. CIV. P. 21a(e) (providing that certificate by party or attorney of record showing service of notice "shall be prima facie evidence of the fact of service"); *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding). As discussed above, the supplemental clerk's record contains a notice of submission signed by Philadelphia's counsel, stating that the motion for final summary judgment would be submitted to the trial court on August 23, 2023, at 9:30 a.m. and would be "ruled upon without the necessity of an oral hearing, unless one is requested in writing by you." On the face of the notice of submission of the motion for summary judgment, Philadelphia's counsel certified that he served the document on Hartin via certified mail, return receipt requested, as well as by electronic service, on July 6, 2023. *See* TEX. R. CIV. P. 21a; *see also generally id*. R. 166a(c) (requiring that motion for summary judgment and supporting documents be filed at least twenty-one days before hearing on motion). The district clerk marked the notice of submission as electronically filed on July 6, 2023; therefore, the notice of submission was before the trial court when it ruled on Philadelphia's motion for summary judgment. *Roventini*, 111 S.W.3d at 721-22; *Barker CATV Constr.*, 989 S.W.2d at 794.

Hartin could have rebutted the presumption of receipt by making an offer of proof of nonreceipt with a request for relief in the trial court after receiving notice of the judgment, seeking an extension of the appellate deadlines to allow her to file a motion for new trial, and, if unsuccessful upon filing a motion for new trial, filing a timely direct appeal without the limitations of a restricted appeal. *See Thomas*, 889 S.W.2d at 238; *Berger v. King*, No. 01-06-00871-CV, 2007 WL 1775991, at *4 (Tex. App.—Houston [1st Dist.] June 21, 2007, pet. denied) (mem. op.) (stating available avenues for party attempting to rebut presumption of adequate notice); *see also* TEX. R. APP. P. 4.2. Hartin did not avail herself of any of these avenues. *See Berger*, 2007 WL 1775991, at *4. When the trial court signed the final summary judgment order, no evidence was before the court to counter the presumption of receipt. *See* TEX. R. CIV. P. 21a; *Thomas*, 889

S.W.2d at 238; **Berger**, 2007 WL 1775991, at *4. We conclude that Hartin's claimed error regarding lack of notice is not apparent from the face of the record. *See **Ex parte E.H.,*** 602 S.W.3d at 495; **Lejeune**, 297 S.W.3d at 255; **Alexander**, 134 S.W.3d at 848; **Berger**, 2007 WL 1775991, at *4. Because the face of the record does not show that Hartin did not receive proper notice of the submission of Philadelphia's motion for summary judgment, her restricted appeal fails as to this issue. We therefore overrule issue one.

## Legal Sufficiency of Evidence of Damages

We turn now to issue two, in which Hartin asserts that the evidence was legally insufficient to support the trial court's award of compensatory damages of $27,985.98 to Philadelphia. Although error must appear on the face of the record, the legal sufficiency of the evidence to support a judgment is reviewable in a restricted appeal. **Norman Commc'ns**, 955 S.W.2d at 270; **Ex parte Hatzis**, No. 12-14-00199-CV, 2015 WL 1966668, at *1 (Tex. App.—Tyler Apr. 30, 2015, no pet.) (mem. op.). However, with respect to a traditional summary judgment, the issue is whether the movant conclusively established its right to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c). Accordingly, we will review the summary judgment as to damages by using the appropriate standard of review. A movant for traditional summary judgment must demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. ***Id; KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.***, 988 S.W.2d 746, 748 (Tex. 1999). In reviewing a traditional summary judgment, we view the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant. **Provident Life & Accident Ins. Co. v. Knott**, 128 S.W.3d 211, 215 (Tex. 2003).

A request for admission is a "written request[] that the other party admit the truth of any matter within the scope of discovery. . . ." TEX. R. CIV. P. 198.1. When a party fails to respond to a request for admissions, the requests are deemed admitted "without the necessity of a court order." TEX. R. CIV. P. 198.2(c). Admissions of fact on file at the time of a summary judgment hearing constitute competent summary judgment evidence. **Acevedo v. Comm'n for Lawyer Discipline**, 131 S.W.3d 99, 105 (Tex. App.—San Antonio 2004, pet. denied); **Mackie v. Guthrie**, 78 S.W.3d 462, 468 (Tex. App.—Tyler 2001, pet. denied) (citing TEX. R. CIV. P. 166a(c)).

Philadelphia requested that Hartin admit the following: (1) her involvement in a collision with Gamma's vehicle; (2) failure to timely apply her brakes; (3) failure to maintain a proper lookout; (4) failure to maintain proper control of her vehicle; (5) failure to turn her vehicle to avoid

the collision; (6) she was at fault; (7) Gamma's driver was not at fault; (8) her negligence proximately caused Gamma's damages; (9) $19,136.75 reasonably represents the usual and customary cost of repair services and/or replacement costs for Gamma's damaged equipment; (10) $8,523.38 reasonably represents the actual value of Gamma's vehicle immediately before the accident; (11) $1,000 reasonably represents the actual cash value of Gamma's vehicle immediately after the accident; and (12) $1,325.85 reasonably represents the usual and customary costs for salvage services required due to the accident. As mentioned above, the requests were served upon Hartin electronically, and although she opened the email containing the requests, she did not respond to the requests for admissions. Therefore, Philadelphia's requests were deemed admitted by Hartin and constituted proper summary judgment evidence. *See* TEX. R. CIV. P. 198.2(c); *Acevedo*, 131 S.W.3d at 105; *Mackie*, 78 S.W.3d at 468.

We conclude that because Hartin's deemed admissions conclusively established the facts admitted, including her negligence, that she was at fault and proximately caused the accident, and Philadelphia's entitlement to damages in the amount of $27,985.98 ($19,136.75 to repair or replace the X-ray machine, $7,523.38 for the difference in value of Gamma's vehicle before the accident versus after the accident, and salvage services of $1,325.85, the sum of which is $27,985.98). *See* TEX. R. CIV. P. 166a(c), 198.2(c); *KPMG Peat Marwick*, 988 S.W.2d at 748; *Acevedo*, 131 S.W.3d at 105; *Mackie*, 78 S.W.3d at 468. Accordingly, we further conclude that no error regarding the amount of damages awarded to Philadelphia appears on the face of the record. *See Ex parte E.H.*, 602 S.W.3d at 495; *Alexander*, 134 S.W.3d at 848; *Norman Commc'ns*, 955 S.W.2d at 270; *Ex parte Hatzis*, 2015 WL 1966668, at *1. For all these reasons, we overrule issue two.

### DISPOSITION

Having overruled both of Hartin's issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 7, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 7, 2024**

**NO. 12-24-00038-CV**

**BREANNA MARIE HARTIN,**
Appellant
V.
**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**
Appellee

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 74276)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DEREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against Appellant, Breana Marie Hartin, for which execution may issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*